DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from a judgment of conviction and sentence entered by the Erie County Court of Common Pleas after defendant-appellant, Drake Lewis, was found guilty of rape, a first degree felony, in violation of R.C. 2907.02(A)(2). From that judgment, appellant raises two assignments of error:
 {¶ 2} "I. The trial court erred as a matter of law in not affording defendant-appellant all of his rights under Criminal Rule 11 at the time defendant-appellant entered his plea herein.
 {¶ 3} "II. The trial court erred in the sentencing of defendant-appellant when the trial court sentenced defendant-appellant to a nine year prison term."
 {¶ 4} On August 8, 2002, appellant was indicted by the Erie County Grand Jury and charged with one count of rape with a force specification and one count of gross sexual imposition. The indictment resulted from allegations that he engaged in sexual conduct and had sexual contact with Jessica S., being less than 13 years of age, on or about September 16, 2001.
 {¶ 5} On September 18, 2002, the date the trial was to begin, appellant pled guilty to the rape charge in Count I of the indictment, having negotiated a plea agreement to remove the force specification on the rape charge and dismiss the Count II charge of gross sexual imposition. Appellant's counsel indicated to the court that he had reviewed with appellant his waiver of rights as a result of his guilty plea under Crim.R. 11. The court then reviewed with appellant his waiver of rights and subsequently determined that his guilty plea was knowingly, voluntarily, and intelligently entered.
 {¶ 6} The court found that appellant was aware that he would be giving up his right to a jury trial, including the rights to confront witnesses against him, to compel witnesses to testify on his behalf, to require the state to prove his guilt beyond a reasonable doubt, and to not testify against himself. Appellant also confirmed that he understood the felony nature of the rape charge, knew the maximum penalty for the offense was 10 years in prison and a $20,000 fine, recognized his ineligibility for probation or community control, and appreciated the effect of his guilty plea. Appellant requested a presentence investigation and report, which the court granted, stating that it would not be proceeding with the sentencing at that time, but would do so after the report was filed. The court then explained the potential sexual offender classifications applicable to appellant and explained that prior to sentencing a sexual offender classification evaluation would be conducted to determine which classification applied to appellant. Finally, the court informed appellant that he had the right to appeal that proceeding as well as the sentencing that would occur on another day.
 {¶ 7} On October 31, 2002, the sentencing hearing was held. In making its decision, the court indicated that it had reviewed all available materials including the presentence investigation report from the Erie County Adult Probation Department, the Court Diagnostic and Treatment Center report, victim impact statements from representatives of the victim, and appellant's criminal record. After weighing all relevant factors, the court sentenced appellant to nine years in prison. The court found that the shortest prison term was not warranted in appellant's case because it would demean the seriousness of his conduct and would not adequately protect the public from future crimes. Appellant was also classified as a sexually oriented offender. This appeal timely followed.
 {¶ 8} In appellant's first assignment of error, he claims that the trial court erred as a matter of law by not affording him all of his rights pursuant to Crim.R. 11. Specifically, appellant alleges that the trial court failed to inform him that upon acceptance of his plea, the court may proceed with judgment and sentence.
 {¶ 9} Before accepting a plea of guilty, Crim.R. 11 demands that the trial court inform a defendant of the constitutional rights he waives by entering the plea. State v. Nero (1990), 56 Ohio St.3d 106, 107. Crim.R. 11(C)(2), which governs guilty pleas provides:
 {¶ 10} "In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
 {¶ 11} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 12} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 13} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 14} The Supreme Court of Ohio, however, has required only substantial compliance with Crim.R. 11(C) with regards to nonconstitutional rights. State v. Stewart (1977), 51 Ohio St.2d 86, 93. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." Nero, supra at 108, citingStewart, supra. The reviewing court should focus not on whether the trial court recited the words of Crim.R. 11(C), but rather on whether the record shows that "the trial court explained or referred to the right in a manner reasonably intelligible to that defendant." State v. Ballard
(1981), 66 Ohio St.2d 473, 480.
 {¶ 15} In State v. Brooks, 10th Dist. No. 02AP-44, 2002-Ohio-5794 at ¶ 40, the court determined that the totality of the circumstances showed that the appellant knew "that the trial court could proceed with judgment and sentence after accepting appellant's guilty pleas, but by saying it was going to order a presentence investigation, the trial court told appellant that it was not going to proceed immediately." The court was not required to recite the language of Crim.R. 11(C), but merely to assure that the appellant understood the implications of his plea and the rights he was waiving. The reviewing court found that the trial court had substantially complied with Crim.R. 11(C).
 {¶ 16} Furthermore, this court, in State v. Moore (May 26, 2000), 6th Dist. No. E-98-081, determined that an appellant subjectively understood the implications of his plea and the nature of the rights he was waiving, even though the trial court did not inform him that the court could immediately proceed to judgment and sentence. Following the colloquy,
 {¶ 17} the trial judge accepted the defendant's plea and did not immediately proceed to sentencing; rather the court ordered a presentence investigation report. This court found that the totality of the circumstances showed that the trial court substantially complied with the requirements of Crim.R. 11 in its acceptance of the guilty plea.
 {¶ 18} Upon a review of the transcript from the plea hearing in the present case and in light of the above cases, we must conclude that the trial court substantially complied with the requirements of Crim.R. 11(C). Appellant requested a presentence investigation and report, to which the trial court responded, "[t]he Court will grant that request, which means we would not be proceeding with sentencing today. You would first want the benefit of the presentence report, okay?" Appellant then replied in the affirmative. The court also explained to appellant what would occur at the subsequent sentencing proceeding. Furthermore, the court stated that "your sentencing proceeding will occur another day," and that appellant had a right to appeal that proceeding.
 {¶ 19} We find that the above facts demonstrate that the trial court informed appellant of his rights and that appellant subjectively understood the implications of his plea. Accordingly, the trial court substantially complied with the requirements of Crim.R. 11(C), and appellant's first assignment of error is found not well-taken.
 {¶ 20} In his second assignment of error, appellant asserts that the trial court erred in sentencing him to a nine year prison term. Appellant claims that the term was excessive and in violation of Ohio's sentencing guidelines.
 {¶ 21} Pursuant to R.C. 2953.08, appellate courts have the authority to review sentencing decisions of trial courts. Appellate courts may only vacate or modify a sentence upon clear and convincing evidence that "the sentence is not supported by the record, is contrary to law or that the trial court failed to follow the proper statutory procedures for imposing such sentence." State v. Persons (Apr. 26, 1999), Washington App. No. 98 CA 19; R.C. 2953.08(G)(1). In making a decision, the sentencing judge must remain within the purview of one of the two purposes of felony sentencing, either to protect the public from future crime or to punish the offender, as outlined by R.C. 2929.11(A).
 {¶ 22} Under R.C. 2929.12(A), a court imposing sentence for a felony "has discretion to determine the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." This discretion is guided by the factors in R.C. 2929.12
(B) and (C), the seriousness of the offender's conduct, (D) and (E), the likelihood of the offender's recidivism, and any other factors which the court finds relevant. The findings under these factors must be stated on the record at the sentencing hearing. State v. Comer, 99 Ohio St.3d 463,2003-Ohio-4165 at ¶ 2 of the syllabus. In weighing these factors, the court is able to use its discretionary judgment to assign the amount of weight given to any individual factor in the final decision. State v.Arnett (2000), 88 Ohio St.3d 208, 213.
 {¶ 23} The crime of rape, a first degree felony, carries with it a mandatory minimum sentence of three years and maximum sentence of ten years in prison under R.C. 2929.14(A)(1). Pursuant to R.C. 2929.14(B), the court is required to impose the shortest prison term for first time imprisonment and maximum sentences are usually disfavored. State v. Walk
(Dec. 29, 2000), Erie App. No. E-97-079. However, R.C. 2929.14(B)(2) allows the court discretion to increase the sentence above the minimum if the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime. The court is then required to show that it has undertaken some analysis of the case and has come to the conclusion that increasing the sentence for one of the two above reasons is merited. State v. Edmonson (1999), 86 Ohio St.3d 324, 326.
 {¶ 24} At the sentencing hearing in this case, the court stated that it considered many items in its sentencing decision, including the presentence investigation report, victim impact statements from representatives of the victim, Court Diagnostic and Treatment Center report, and appellant's statements. The court took into account many factors, in accordance with R.C. 2929.12, in making its final decision.
 {¶ 25} Relevant factors under R.C. 2929.12(B), which the court used to determine whether appellant's conduct was more serious than conduct normally constituting the offense of rape included:
 {¶ 26} "(1) The physical or mental injury suffered by the victim of the offense due to the conduct of the offender was exacerbated because of the physical or mental condition or age of the victim.
 {¶ 27} "(2) The victim of the offense suffered serious physical, psychological, or economic harm as a result of the offense.
 {¶ 28} "* * *
 {¶ 29} "(6) The offender's relationship with the victim facilitated the offense."
 {¶ 30} The sentencing court considered that the victim was nine years old at the time of the offense, that she suffered serious psychological harm, and that the presence of a relationship of trust between appellant and the victim facilitated the offense. The court did not find any applicable mitigation factors under R.C. 2929.12(C).
 {¶ 31} The court also took into consideration factors under R.C.2929.12(D), which indicate that the offender is likely to commit future crimes: "(2) The offender previously was adjudicated a delinquent child * * * or the offender has a history of criminal convictions. (3) The offender has not been rehabilitated to a satisfactory degree after previously being adjudicated a delinquent child * * *, or the offender has not responded favorably to sanctions previously imposed for criminal convictions." The court stated that it considered appellant's lengthy juvenile record and probation violations, as well as appellant's adult criminal record which included violent offenses. The court also considered the fact that appellant committed the rape shortly after he was given a suspended sentence for a domestic violence conviction, with the suspension conditioned on appellant's "future good behavior" for two years. Another factor that the court evaluated in its determination was the borderline sexual offender diagnostic report from the Court Diagnostic and Treatment Center.
 {¶ 32} On the other hand, the court also considered one relevant factor under R.C. 2929.12(E), which is used to show that an offender is not likely to commit future crimes: "(5) The offender shows genuine remorse for the offense." The court stated that appellant apologized to the victim's family and seemed to show genuine remorse. Additionally, the court took into consideration that appellant had no prior record of sexual offenses and had not been previously imprisoned.
 {¶ 33} In weighing those factors the court stated, "[a]nd so the Court takes these favorable things into consideration, as well as the unfavorable. And weighing both of those, the Court will impose the following sentence and feels that this make [sic] here is justified." The court then imposed the nine year sentence and declared that the shortest prison term was not warranted because it would demean the seriousness of appellant's conduct and would not adequately protect the public from future crimes.
 {¶ 34} In our view, the lower court properly weighed the relevant factors under R.C. 2929.12 in sentencing appellant. Furthermore, the court was within its discretion under R.C. 2929.14 in its decision to extend appellant's sentence above the minimum of three years after finding that the shortest prison term would demean the seriousness of appellant's conduct and would not adequately protect the public. Based on the foregoing, we find clear and convincing evidence to support the sentence imposed by the trial court, the sentence is not contrary to law, and the trial court adhered to appropriate statutory procedures. Appellant's second assignment of error is not well-taken.
 {¶ 35} On consideration whereof, this court finds that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Erie County Court of Common Pleas is affirmed. Court costs of this appeal are assessed to appellant.
Judgment affirmed.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Pietrykowski, J., Lanzinger, J., Singer, J. concur.