DECISION AND JUDGMENT ENTRY
{¶ 1} This appeal comes to us from a judgment issued by the Lucas County Court of Common Pleas, in which, pursuant to a plea agreement and waiver of rights, appellant pled guilty to one count of attempted child endangering. Because we conclude that appellant's case presents no arguable issues meriting review, we affirm the judgment of the trial court.
{¶ 2} Appellant, Ryan Boudreau, was indicted on one count of child endangering, a violation of R.C. 2918.22(A) and (E)(1) and (2)(c). The charge stemmed from an incident in which appellant's seven month old daughter received first and second degree burns on her buttocks, leg, and foot while being bathed in a sink. The child was burned by hot water which was accidentally run into the sink when appellant left the child momentarily to answer the telephone. Appellant was awaiting word from the hospital where his girlfriend, the mother of the child, had been taken after she fainted at work. The day after the incident occurred, the child was treated and released from the hospital. Appellant initially pled not guilty, but, pursuant to a plea agreement, changed his plea to a lesser charge of attempted child endangering.
{¶ 3} At sentencing, the trial court commented several times upon the serious physical injury suffered by the child caused by appellant's thoughtlessness. Although no medical testimony was provided, photographic evidence was presented showing that the child's injuries had substantially healed within five days of the incident. The mother requested that appellant not be given prison time since appellant was gainfully employed, supported her and their two children, and was needed to look after the children while she attended classes. Appellant had a prior conviction for burglary for which he had served prison time, but had no charges during the previous two years. No evidence of drug or alcohol abuse was presented. After considering the applicable sentencing factors, and despite finding that appellant was remorseful, the court imposed a 17 month prison term.
{¶ 4} Counsel appointed to pursue appellant's appeal has filed a brief and motion requesting withdrawal as appellate counsel, pursuant to the guidelines established in Anders v. California (1967), 386 U.S. 738. Counsel states that, after careful review of the record and legal research, he can discern no errors by the trial court prejudicial to the rights of the appellant which present issues meriting review.
{¶ 5} Counsel essentially argues one potential error "that might arguably support the appeal." Anders, supra, at 744. Counsel further requests permission to withdraw as counsel for appellant on the basis that this case presents no issues meriting review. Counsel states that he has advised appellant of his right to file a brief on his own behalf, and that a copy of both the brief and motion to withdraw have been served upon appellant. Appellant has filed no brief on his own behalf.
{¶ 6} We are required, pursuant to Anders, supra, to thoroughly and independently review the record to determine that counsel has made a diligent effort and that the proceedings below were free from prejudicial error and conducted without infringement of appellant's constitutional rights. Upon consideration, we conclude that counsel's brief is consistent with the requirements set forth in Anders, supra and Pensonv. Ohio (1988), 488 U.S. 75. Counsel for appellant argues the following proposed assignment of error:
{¶ 7} "The court denied appellant a fair and impartial sentencing hearing by focusing upon the age of the victim."
{¶ 8} Although a trial court generally possesses some discretion when sentencing an offender, a trial court must not disregard the statutory principles, procedures, presumptions, and factors. See R.C. 2929.11
through R.C. 2929.20; State v. Persons (Apr. 26, 1999), 4th Dist. No. 98 CA 19. By providing statutory standards for the exercise of discretion, the Ohio General Assembly has now defined what constitutes an "abuse of discretion." See Persons, supra, fn. 3, citing Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), 495, Section 9.16.
{¶ 9} Thus, in determining whether a sentencing court properly exercised its discretion, a reviewing court should examine the record to ascertain whether the trial court: (1) considered the statutory factors; (2) made the required findings; (3) relied on substantial evidence in the record to support its findings; and (4) properly applied the statutory guidelines. See State v. Dunwoody (Aug. 5, 1998), 4th Dist. No. 97CA11. An appellate court may not modify or vacate the sentence unless the court "clearly and convincingly" finds that: (1) the sentence is not supported by the record; (2) the trial court imposed a prison term without following the appropriate statutory procedures; or (3) the sentence imposed was contrary to law. R.C. 2953.08(G); State v. Lewis, 6th Dist. No. E0-2-048, 2004-Ohio-3444; Griffin Katz, Ohio Felony Sentencing Law (1998 Ed.), 495, Section 9.16.
{¶ 10} Appellant pled to and was found guilty of attempted child endangering where the child has suffered serious physical harm, a fourth degree felony. The sentencing range for a fourth degree felony is from six to 18 months. See R.C. 2929.14 (A)(3). Therefore, on its face, appellant's seventeen month sentence was within the statutory guidelines. A review of the record also reveals that the trial court considered the applicable factors when imposing sentence and made the appropriate findings. In this case, appellant's actions resulted in injury to the child due to thoughtlessness rather than intentional neglect. Although appellant had been convicted of a prior offense which was unrelated to child endangering and was the caretaker and natural father of the child, the statutory factors do not differentiate between types of offenses and the circumstances surrounding the injury. While we may view the sentence in this case as unduly harsh and counter-productive under the circumstances, we decline to second-guess a trial court's imposition of a sentence which is technically within the statutory limitations. Therefore, we conclude that the proposed assignment of error is without merit.
{¶ 11} Upon our own independent review of the record, we find no other grounds for a meritorious appeal. Accordingly, this appeal is found to be without merit and is wholly frivolous. Appellant's counsel's motion to withdraw is found well-taken and is hereby granted.
{¶ 12} The decision of the Lucas County Court of Common Pleas is affirmed. Appellant is ordered to pay the costs of this appeal for which sum judgment is rendered against appellant on behalf of Lucas County and for which execution is awarded. See App.R. 24.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., Skow, J. concur.