OPINION
{¶ 1} Augustus T. Franklin, pro se, is appealing the decision of the Court of Common Pleas of Greene County, Ohio, overruling his motion to withdraw his guilty plea.
 {¶ 2} Partly because Franklin's appeal is pro se, and the record in this case is over seven years old, the statement of the case and the facts are difficult to discern. However, the statement of the case is supported by the record submitted to this court and we set forth it here from the brief of the appellee. Thus, on July 1, 1998, appellant Franklin was indicted by the grand jury of Greene County, Ohio, on four counts of rape of a child under thirteen years with force, and one count of rape with force, and on March 1, 1999, he entered a petition to enter a plea of guilty before the trial court. As part of the plea agreement between the State of Ohio and appellant, he entered a guilty plea, in the context of an Alford plea, to all five counts and the State did not oppose concurrent life sentences. Subsequently, he was sentenced to four concurrent life sentences. The appellant signed the plea agreement and acknowledged, on the record, that he understood what he was signing and that he was not coerced into the plea agreement.
 {¶ 3} Later, on November 29, 1999, appellant filed a motion to withdraw his guilty plea, alleging that the State had breached its plea agreement because the court ordered him to pay restitution costs. On the same date, he filed a pro se notice of appeal to this court which subsequently affirmed his conviction and sentence but vacated the trial court's sexual offender classification and remanded it for a hearing on that issue only. Subsequently, the appellant has been found to be a sexually oriented offender by the trial court and on May 14, 2002, he filed a motion for a new trial. The trial court denied the motion on July 19, 2002, and on appeal this court affirmed the decision of the trial court and suggested that although appellant could not find relief for his motion for a new trial, a more appropriate vehicle for resolving the issue would be for the trial court to hear the appellant's motion to withdraw his guilty plea. Subsequently, on December 7, 2004, Judge Wolaver of the Greene County Court of Common Pleas issued a written decision overruling appellant's motion to withdraw his guilty plea. It is from this decision that appellant now brings this appeal.
 {¶ 4} To fully understand this case, we find it necessary to set forth the judgment entry of Judge Wolaver in its relevant portions, as follows:
 {¶ 5} "The Defendant, both Pro Se and through counsel, filed Motions to withdraw his plea after the Defendant had been sentenced in the above captioned case on May 12, 1999. The Motions consist of several branches. The Court held a hearing on Defendant's Motion on November 12, 2004 with the Defendant represented by counsel and the Court taking testimony in support of the Defendant's Motion.
 {¶ 6} "The Court is guided by Ohio Criminal Procedure Rule 32.1 that directs that a plea of guilty may be withdrawn after sentencing only to correct a manifest injustice. A manifest injustice occurs when the Defendant demonstrates that he would not have otherwise entered the plea had he known the information of which the Court failed to inform him. State v. Nero (1990),56 Ohio St.3d 106. The burden rests with the Defendant to establish the manifest injustice necessary to require the Court to withdraw his former plea of guilty. State v. Xie (1992),62 Ohio St.3d 512.
 {¶ 7} "The Court will address each branch of the Motions filed by the Defendant and counsel accordingly:
 {¶ 8} "THE TRIAL COURT DID NOT ADEQUATELY PERFORM THE PLEA COLLOQUY UNDER THE CONFINES OF AN ALFORD PLEA.
 {¶ 9} "The Court finds the Defendant plead guilty on March 1, 1999 under the mandates of an Alford plea created by the case of Alford v. North Carolina (1991), 400 U.S. 25. The nature of the Alford plea was one in which the Defendant entered his plea of guilty linked with claims of innocence as to the offense itself. However, the United States Supreme Court permitted this Court to accept the plea as long as the Defendant voluntarily and intelligently concluded that his best interest required a guilty plea and further that the record establish sufficient facts to evidence the Defendant's guilt. Further, it is incumbent upon the Court to discern the reasonableness of the Defendant's decision to enter a plea of guilty under the circumstances.
 {¶ 10} "The Defendant claims that the trial Judge did not evaluate the reasonableness of his decision to plead guilty and did not have sufficient facts in order to accept the plea.
 {¶ 11} "In addressing this issue, the Court has reviewed the transcript of the plea hearing.
 {¶ 12} "The Court finds of great significance the statement made on the record by the attorney for the Defendant regarding the Defendant's reason for entering an Alford plea. That statement is as follows:
 {¶ 13} "MR. LENNON: Your Honor, if I may, and I have informed the Court of this, my client is entering a plea of guilty today. He is maintaining his innocence. However, he believes that be [sic] entering a plea of guilty and to get a concurrent life sentence as opposed to consecutive life sentences, he can't take the chance of that happening. He understands the evidence he has against him, but with the Police Department and the victim testifying, he feels he does not, despite my advice, want to risk this case to a jury and would rather make this, what we would call an Alford plea at this point, maintaining his innocence, however not taking the chance of consecutive life terms.
 {¶ 14} "So, he is prepared to enter a plea of guilty today, but I at least wanted to give the Court some basis, knowing that it is his reason for doing it. I have advised him to take the case to a jury, to let them decide. My client, for his reasons which I won't dispute, believes that he is best at this point served by entering an Alford plea in doing what he can to avoid a consecutive life term based on what is confronting him today.
 {¶ 15} "It's [sic] that correct, Mr. Franklin?
 {¶ 16} "THE DEFENDANT: Yes, sir.
 {¶ 17} "From this statement on the record it is quite clear as to Defendant's motivation and the reason why he wished to dispose of his case pursuant to an Alford plea. This Court finds that the reasoning is appropriate and within the general requirements of an appropriate Alford plea. Thus, this Court finds that the trial Judge had ample reason to evaluate the reasonableness of the Defendant's decision to plead guilty despite his protestation of innocence and that such reasoning is appropriate under the Alford test.
 {¶ 18} "Further, the Defendant suggests that the statement of facts on the record are insufficient to evidence the Defendant's guilt.
 {¶ 19} "The Court will not recite the statement made by the Prosecuting Attorney on the record. However, a review of the transcript clearly indicates that the Prosecuting Attorney established every element of the offense further establishing the Defendant's conduct as to each count. Again, the statement of facts were sufficient for the trial Court to determine that there was sufficient basis of the Defendant's guilt. Furthermore, the Court inquired of the defense as to whether they were satisfied as to the status of the record after the statement of facts was made and counsel for the Defendant responded in the affirmative.
 {¶ 20} "Therefore, this Court finds that the trial Court complied with all the mandates of the Alford plea and that the Defendant has failed in his burden to establish anything to the contrary. This branch of the Defendant's Motion to Withdraw is OVERRULED and DENIED.
 {¶ 21} "THE PLEA OF MR. FRANKLIN WAS NOT KNOWINGLY, INTELLIGENTLY AND VOLUNTARILY ENTERED IN AS MUCH AS THE TRIAL JUDGE DID NOT COMPLY WITH CRIMINAL RULE 11.
 {¶ 22} "The Defendant indicates that he should be entitled to withdraw his plea because during the plea colloquy the Court did not specifically advise him under Criminal Rule 11 that upon acceptance of the plea the Court could proceed with judgment and sentence.
 {¶ 23} "A review of the transcript will indicate that the Court did not specifically indicate to the Defendant that the Court could proceed to sentence and judgment immediately following the plea. The Court instead ordered that a pre-sentence investigation would be conducted by the Greene County Adult Probation Department and that it would come on for report and final disposition at 9:15 a.m. on the 17th day of April, 1999. The transcript further indicates that counsel for the Defendant did not object or otherwise request the Court to immediately proceed with sentence and judgment. Further, the Judgment Entry prepared at the time of the plea and filed on March 1, 1999 and signed by the Defendant indicates that the Court could proceed with judgment and sentence immediately and had informed the Defendant of the rights which he/she will waive by entering this plea.
 {¶ 24} "While literal compliance with Criminal Rule 11 is certainly the preferred practice, the fact that the trial Judge did not do so does not require vacation of the Defendant's guilty plea if the reviewing Court determines that there was substantial compliance. Nero, supra.
 {¶ 25} "Substantial compliance means that under the totality of the circumstances the Defendant subjectively understands the implications of his plea and the rights he is waiving. State v.Carter (1979), 60 Ohio St.2d 34. Furthermore, a Defendant who challenges his guilty plea on the basis that it was not knowingly, intelligently and voluntarily made must show a prejudicial effect. State v. Stewart (1977), 51 Ohio St.2d 86. The test is whether the plea would have otherwise been made.
 {¶ 26} "The Defendant does not suggest to this Court in his Motion that had he known the Court could have proceeded to sentence and judgment would have resulted in him choosing not to enter his plea. During the plea the Court indicated the matter would be set for another sentencing date and the Defendant made no objection. Also, the Defendant at the hearing on his Motion to withdraw his plea did not state that had he known that the Court could have proceeded to sentence and judgment it would have affected his decision to plead or in any other form had any prejudicial effect upon him. Finally, the same day that the plea took place the Defendant, in fact, signed a Judgment Entry which indicated that the Court could proceed to sentence and judgment. At the sentencing date the Defendant did receive concurrent sentences which is what he wanted by virtue of disposing the case pursuant to an Alford plea. The Court finds no prejudice in this process.
 {¶ 27} "Contrary to the position of the Defendant there is no requirement of scrupulous compliance with Criminal Rule 11. In regard to non-Constitutional rights, substantial compliance is only required. See Nero, supra.
 {¶ 28} "The Defendant does not need to be informed in the exact language to be meaningfully informed of the circumstances regarding his plea. Rote recitation of Criminal Rule 11 is not required. State v. Ballard (1981), 66 Ohio St.2d 473. Substantial compliance means that under the totality of the circumstances the Defendant subjectively understands the implications of his plea and the rights he is waiving. The Court should not focus on whether the trial Court recited the words of Criminal Rule 11, but rather on whether the record shows that the trial Court explained or referred to the right in a manner reasonably intelligible to that Defendant. See Ballard, supra at 480.
 {¶ 29} "This Court further has found precedent in other cases where the Court accepted a plea while the Court did not use the language of Criminal Rule 11C to indicate that the Court could proceed to sentence and judgment. In each case the Court of Appeals held that there was substantial compliance and that the plea was effective. State v. Brooks 10th District Court of Appeals, Case No.: 02AP-44, 2002-Ohio-5794, State v. Moore (May 26, 2000), 6th District Court of Appeals, No.: E-98-081,State v. Lewis (June 30, 2004) 6th District Court of Appeals, No.: E-02-048, 2004-Ohio-3444.
 {¶ 30} "Based upon the foregoing, this Court finds that the Defendant was not prejudiced by the plea colloquy, that there is no evidence that the Defendant would not otherwise have made his plea had he known this information. The Court substantially complied with the requirements of Criminal Rule 11. Therefore, this branch of the Defendant's Motion to withdraw his plea is not well taken and is OVERRULED and DENIED.
"* * *
 {¶ 31} "THE DEFENDANT, PRO SE, CLAIMS HIS PLEA SHOULD BE WITHDRAWN DUE TO INEFFECTIVE ASSISTANCE OF COUNSEL. THAT HIS ATTORNEY TOLD HIM THAT EVIDENCE COULD NOT BE USED TO SHOW THAT THE VICTIM HAD SEXUALLY TRANSMITTED DISEASE AND THE DEFENDANT DID NOT, THUS MAKING HIS PLEA INVOLUNTARY.
 {¶ 32} "The Court permitted the Defendant to provide extensive testimony regarding this particular position. The Defendant alleges that his attorney gave him bad legal advice regarding what evidence could be used in a trial and based upon that `bad' legal advice he entered his plea and would not otherwise have done so. The issue presented to the Court in this branch is whether or not his counsel gave him improper legal advice which affected the voluntariness, the intelligence, or the knowing aspect of the Defendant's plea. The Defendant alleges his attorney was ineffective for this reason.
 {¶ 33} "Ineffective representation by counsel may be grounds for vacating a guilty plea to the extent that the ineffectiveness makes the plea less than knowing and voluntary. State v. Talley
(January 30, 1998), Montgomery App. No. CA 16479.
 {¶ 34} "The standard for ineffective assistance of counsel was enunciated in State v. Bradley (1998), 42 Ohio St.3d 136:
 {¶ 35} "Counsel's performance will not be deemed ineffective unless and until counsel's performance is proven to have fallen below an objective standard of reasonable representation and in addition, prejudice arises from counsel's performance.
 {¶ 36} "The test for vacating a guilty plea due to ineffectiveness of counsel is that but for counsel's errors, the Defendant would not have pled guilty but would have gone to trial.
 {¶ 37} "The first responsibility of this Court is to determine whether or not counsel made any errors.
 {¶ 38} "The Defendant testified at length as to his attorney's advice and further testified on cross examination that he did not write any of the statements taken by the Yellow Springs Police Department in which the Defendant admitted his conduct with the victim. The Defendant further indicated during cross examination that he was not advised of his constitutional rights and did not sign the waiver form.
 {¶ 39} "There was no testimony taken from Mr. Lennon, counsel for the Defendant at the time of his plea, nor was there any testimony that the victim in this case, in fact, did have a sexually transmitted disease.
 {¶ 40} "In making the determination as to the credibility of the Defendant's testimony, the Court has reviewed the file of this case and initially notes that the Defendant filed a Motion to Suppress on July 24, 1998 wherein defense counsel stated in his Memorandum that the Defendant signed the statements. Further, the Court notes the Judgment Entry of August 31, 1998 wherein after testimony was taken under oath, the Court made a finding that the Defendant made statements at the Yellow Springs Police Department, that they were voluntary, that he was fully and adequately advised his Miranda rights and the statements were properly taken and thus would not be suppressed. The Court further reviewed the Petition to Enter a Plea of Guilty which was signed by the Defendant wherein he acknowledged that he was satisfied with the advice his counsel had given to him, that he was fully informed by his lawyer of the facts and circumstances regarding the indictment.
 {¶ 41} "Further, in the plea transcript the Defendant said he was satisfied with his attorney.
 {¶ 42} "This Court frankly does not believe the Defendant to be credible. For some reason, unknown to this Court, the Defendant testified that he did not waive his rights, he did not make any statements, or make any admissions, and did not sign any of the statements for which he already had a hearing and the trial court made a finding of validity. This Court finds it very difficult to believe that his attorney, a very experienced counsel, said anything to him that prompted him to change his plea in light of counsel's statement at the plea.
 {¶ 43} "In the plea itself, counsel for the Defendant clearly indicated why the Defendant was entering his plea and the circumstances surrounding the Alford nature of his plea. The Defendant agreed.
 {¶ 44} "Indeed, counsel indicated that he was prepared to take the matter to trial, but it was his client who was choosing to enter his plea and dispose of the case under the circumstances set forth by the State. The Defendant did not say, in any manner, he was entering his plea only because he could not bring in certain forms of evidence. The Defendant had the full opportunity to do so and did not do that at that time. The only conclusion this Court can reach is that that was not the reason the Defendant was changing his plea.
 {¶ 45} "Thus, the Court finds that the Defendant has failed to credibly establish that his counsel was in any way ineffective and that the Defendant would not have pled guilty but would have gone to trial. Further, the Court finds that no prejudice at all has arisen from counsel's performance. The Defendant admitted in his statements to the police that he engaged in sexual intercourse with the victim and used protection. Whether or not any sexually transmitted diseases were present would be of no moment. The Defendant, even if believed, would not be prejudiced. See State v. Davis (November 5, 2004) 2nd District Court of Appeals Case No.: 2003 CA 87.
 {¶ 46} "Therefore, this branch is OVERRULED and DENIED.
 {¶ 47} "Based upon the foregoing the Defendant's Motion to withdraw his plea is OVERRULED in total.
 {¶ 48} "IT IS SO ORDERED."
 {¶ 49} The appellant's pro se brief does not set forth numbered assignments of error, as required by the rules of appellate procedure, but it appears to raise all of the issues dealt with by the Common Pleas Court in the aforestated decision except one that the court dealt with which is not on appeal and which is in the omitted portion of its decision as set forth above. Furthermore, as the State has pointed out in its brief, appellant's plea was an Alford plea and was knowing and voluntary in order to escape a more severe punishment and it was previously addressed by this court and is thus res judicata.State v. Franklin (Greene App. No. 2002 CA 77), 2003-Ohio-38131, at paragraph 10.
 {¶ 50} The appellant also complains that a witness he proposed to call was prevented from testifying because her testimony was ruled by the court to be hearsay. The record amply demonstrates that this witness would have been giving hearsay testimony, which is not admissible.
 {¶ 51} Finally, the defendant argues that his confession was not his own and had been attained by the police by coercion and it was not, in fact, his handwriting or his signature. The record amply demonstrates the falsity of this argument, as the trial court noted regarding credibility of the defendant, and that his confession was knowingly and voluntarily made as a result of anAlford plea bargain.
 {¶ 52} Appellant's assignments of error, if they can be justifiably called as such, are all overruled, and the judgment is affirmed.
Fain, J. and Donovan, J., concur.
(Hon. Frederick N. Young retired from the Second District Court of Appeals sitting by assignment of the Chief Justice of the Supreme Court of Ohio).