DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on appeal from a judgment of the Lucas County Court of Common Pleas, wherein, appellant, Terrell Carter, Jr., pled no contest to, and was found guilty on: (1) one count of felonious assault, with an amended firearm specification, in violation of R.C. 2903.11(A)(2) and 2941.141, a felony of the second degree; and (2) one count of aggravated robbery, with an amended firearm specification, in violation of R.C. 2911.01(A)(1) and 2941.141, a felony of the first degree.
 {¶ 2} On July 6, 2005, the trial court sentenced appellant to five years in prison on the one count of felonious assault and to five years in prison on the one count of aggravated robbery. The court ordered that these sentences were to be served concurrently. The court further ordered appellant to serve a mandatory one year in prison as to the firearm specification, which was merged at sentencing. The mandatory prison term for appellant's conviction on the firearm specification was ordered, as required by R.C. 2929.14(E)(1), to be served consecutively to the felonious assault and the aggravated robbery sentences for a total of six years in prison.
 {¶ 3} On October 11, 2005, appellant filed a motion for a delayed criminal appeal pursuant to App.R. 5(A). This court found appellant's motion well-taken and appointed counsel for the purposes of this appeal. Appellant's appointed counsel subsequently submitted a request to withdraw as appellate counsel pursuant to Anders v. California (1967), 386 U.S. 738. Counsel's affidavit in support of her motion avers that after thoroughly examining the record from the proceedings below and researching the applicable law, she can find no possible grounds for an appeal. However, counsel for appellant asserts, in compliance with the mandates of Anders, two potential assignments of error:
 {¶ 4} "Ineffective assistance of counsel" [sic]
 {¶ 5} "Sentencing" [sic]
 {¶ 6} Anders and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desires to withdraw for want of a meritorious, appealable issue. In Anders at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous she should so advise the court and request permission to withdraw. This request, however, must be accompanied by a brief identifying anything in the record that could arguably support the appeal. Id. Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters that he chooses. Id. Once these requirements have been satisfied, the appellate court must then conduct a full examination of the proceedings held below to determine if the appeal is indeed frivolous. State v. Boudreau, 6th Dist. No. L-04-1277, 2005-Ohio-3351, at ¶ 6. If the appellate court determines that the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements or may proceed to a decision on the merits if state law so requires. Id. at 11.
 {¶ 7} In the case before us, appointed counsel for appellant satisfied the requirements set forth in Anders. Although notified by appellate counsel, appellant did not file a pro se brief. Accordingly, we shall proceed with an examination of the potential assignments of error set forth by counsel for appellant and of the entire record below in order to determine whether this appeal lacks merit and is, therefore, wholly frivolous.
 {¶ 8} The facts of this cause are as follows. On March 26, 2005, appellant and a co-defendant, carried out their plan to steal money and drugs from the victim, who was a drug dealer. When the dealer refused to give appellant the money and drugs, appellant shot him in the thigh. At the time of the incident appellant was under court supervision, intervention in lieu, for a drug problem, was 18 years old, and was diagnosed as suffering from paranoid schizophrenia. However, even though he needed medication and treatment, appellant never followed through with the mental health services and drug screens that were available as conditions of the intervention in lieu. Furthermore, during the pendency of this cause, domestic violence and menacing charges against appellant were pending in the municipal court.
 {¶ 9} As a result of the March 26, 2005 offenses, appellant[1] was indicted on one count of felonious assault, a violation of R.C. 2903.11(A)(2), a felony of the second degree, and one count of aggravated robbery, a violation of R.C. 2903.11(A)(2). Each count carried a firearm specification in violation of R.C. 2941.145, which, if a defendant is found guilty, requires the imposition of a mandatory, consecutive three years in prison. Appellant entered a not guilty plea to all charges.
 {¶ 10} Subsequently, appellant withdrew his plea of not guilty and entered a plea of no contest to the charges of felonious assault and aggravated robbery and amended firearm specifications, which, under R.C. 2941.141 require the imposition of a mandatory, consecutive one year prison sentence. After conducting a Crim.R. 11 change of plea hearing, the trial court accepted appellant's no contest plea and found him guilty on both felony counts, as well as on the amended firearm specifications. At the sentencing hearing, the court, as set forth infra, imposed nonminimum, consecutive sentences.
 {¶ 11} In his first potential assignment of error, appellant contends that his trial counsel was ineffective. In Stricklandv. Washington (1984), 466 U.S. 668, 687, the United States Supreme Court devised a two prong test to determine ineffective assistance of counsel. In order to demonstrate ineffective assistance of counsel, an accused must satisfy both prongs. Id. First, the defendant must show that his trial counsel's performance was so deficient that the attorney was not functioning as the counsel guaranteed by the Sixth Amendment to the United States Constitution. Id. Second, he must establish that counsel's "deficient performance prejudiced the defense." Id. The failure to prove any one prong of the Strickland
two-part test makes it unnecessary for a court to consider the other prong. State v. Madrigal, 87 Ohio St.3d 378, 389, 2000-Ohio-448, citing Strickland at 697. In Ohio, a properly licensed attorney is presumed competent. State v. Lott (1990),51 Ohio St.3d 160, 174.
 {¶ 12} The only mention of dissatisfaction with his counsel was made by appellant to his probation officer during the presentence investigation interview. At that time, appellant told his probation officer that if he had a "paid attorney" instead of appointed counsel he could receive a prison sentence of less than six months. At the sentencing hearing, however, appellant recanted and stated that he "liked the way my attorneys represented me." He also told the judge that he was angry at "all of this" and did not mean what he said to the probation officer.
 {¶ 13} Moreover, an independent review of the record reveals that appellant's trial counsel knew that if appellant went to trial and was found guilty, he could be sentenced for up to 20 years in prison. Counsel therefore negotiated for a plea bargain that could result in a four year sentence. Further independent review discloses that at the change of plea hearing, appellant indicated that his attorney discussed the plea with him prior to the hearing and reviewed the change of plea form with him. Trial counsel also expressed concern with regard to appellant's psychological problem and used that fact, plus appellant's substance abuse, as arguments at the sentencing hearing for the imposition of concurrent sentences on the felonies and the one year mandatory, consecutive sentence on the merged firearm specifications. In short, after a complete review of the record, we cannot find any violation of a duty owed to appellant by his trial counsel. Therefore, appellant's first potential assignment of error is found not well-taken.
 {¶ 14} In his second potential assignment of error, appellant cites to State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, andState v. Mathis, 109 Ohio St.3d 54, 2006-Ohio-855, to argue that the judicial factfinding made by the common pleas judge in imposing nonminimum sentences violated appellant'sSixth Amendment right to a jury trial. We are compelled to agree.
 {¶ 15} The minimum sentence for a first degree felony is three years and for a second degree felony is two years. See R.C.2929.14(A)(1) and (A)(2). The trial court imposed two five year sentences. In doing so, the court expressly stated, on the record at the sentencing hearing, the requisite finding ("the public needs to be protected from you") as set forth in former R.C.2929.14(B)(2). Therefore, the trial court did not err in applying former statutory law.
 {¶ 16} Nevertheless, under the Ohio Supreme Court's decision in State v. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, appellant's second potential assignment of error has merit. InFoster, the Ohio Supreme Court applied Blakely v. Washington
(2004), 542 U.S. 296, and Apprendi v. New Jersey (2000),530 U.S. 466 and determined that R.C. 2929.14(B)(2) violates theSixth Amendment to the United States Constitution. Id. at paragraph one of the syllabus. With respect to cases pending on direct review, where a trial court relies on this unconstitutional statute when imposing a sentence, the sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Foster at ¶ 103 and ¶ 104. Because the trial court relied on R.C.2929.14(B)(2) in sentencing appellant, appellant's second assignment of error is found well-taken.
 {¶ 17} After engaging in further independent review of the record, we conclude that there are no other grounds for a meritorious appeal. Appellate counsel's motion to withdraw is found well-taken and is hereby granted. Generally, pursuant toAnders, we would appoint new appellate counsel for the purpose of arguing sentencing under Foster. Nevertheless, under the circumstances of this cause, we may take immediate action. Statev. Krauss, 6th Dist. No. F-05-18, 2006-Ohio-3971, at ¶ 23, citing State v. Embry, 6th Dist. No. L-03-1114, 2006-Ohio-729, at ¶ 16 (Citations omitted.). Consequently, the judgment of the Lucas County Court of Common Pleas is reversed, in part, and affirmed, in part, and this cause is remanded to that court for re-sentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered, pursuant to App.R. 24, to pay the costs of this appeal in equal shares. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT AFFIRMED, IN PART AND REVERSED, IN PART.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] Appellant's co-defendants were also charged with criminal offenses in the same indictment, but are not parties to the instant appeal.