DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal of a judgment from the Lucas County Court of Common Pleas sentencing appellant on one count of attempted burglary in violation of R.C. 2923.02 and 2911.12(A)(2) and one count of abduction in violation of R.C. 2905.02(A)(2), both of which are felonies of the third degree.
 {¶ 2} On January 3, 2006, the trial court re-sentenced appellant to three years imprisonment on each count with the sentences to run consecutively for a total imprisonment of six years. Attorney Stacy Burns was re-appointed as appellate counsel. This appeal followed.
 {¶ 3} Appointed counsel has submitted a request to withdraw pursuant to Anders v. California (1967), 386 U.S. 738. Counsel asserts that after reviewing the record of proceedings in the trial court, she was unable to find any appealable issues. Counsel does set forth the following proposed assignment of error:
 {¶ 4} "I. Whether the court erred when it re-sentenced the defendant to serve consecutive sentences."
 {¶ 5} A review of the trial record reveals the following relevant facts. Appellant was originally sentenced in this matter on October 5, 2004. He successfully appealed his sentencing to this court, which remanded based on lack of statutorily required language. On January 3, 2006, appellant appeared before the trial court for a re-sentencing hearing. At that hearing, the court laid out all the necessary statutory requirements along with reasons supporting its decision, and then re-imposed its original sentence. Appellant once again appealed asserting consecutive sentences are inappropriate. Appellant fails to make any arguments or point to any facts in support of this assertion.
 {¶ 6} Anders, and State v. Duncan (1978),57 Ohio App.2d 93, set forth the procedure to be followed by appointed counsel who desire to withdraw for want of meritorious, appealable issues. In Anders, supra at 744, the United States Supreme Court held that if counsel, after a conscientious examination of the case, determines it to be wholly frivolous she may so advise the court and request permission to withdraw. A brief identifying anything in the record that could arguably support the appeal should accompany the request. Id. Counsel must also furnish her client with a copy of the brief and request to withdraw and allow the client sufficient time to raise any matters he chooses. Id. Once these requirements are satisfied, the appellate court must conduct a full examination of the proceedings at the trial level to determine if the appeal is frivolous. State v. Boudreau, 6th Dist. No. L-04-1277, 2005-Ohio-3351, at ¶ 6. Once the appellate court determines the appeal is frivolous, it may grant counsel's request to withdraw and dismiss the appeal without violating constitutional requirements. Anders, supra at 744. Alternatively, if state law requires, the appellate court may proceed to a decision on the merits. Id.
 {¶ 7} In the case before us, appointed counsel satisfied theAnders requirements. Although notified by counsel, appellant did not file a pro se brief. Accordingly, we proceed to examine the proposed assignment of error set forth by counsel and the entire trial record to determine whether this appeal lacks merit and is, therefore wholly frivolous.
 {¶ 8} In light of the Ohio Supreme Court's decision in Statev. Foster, 109 Ohio St.3d 1, 2006-Ohio-856, we are compelled to find some merit in appellant's assignment of error. The court inFoster applied Blakely v. Washington (2004), 542 U.S. 296, and Aprendi v. New Jersey (2000), 530 U.S. 466 to hold several of Ohio's sentencing statutes unconstitutional for violating theSixth Amendment to the United States Constitution. The Ohio Supreme Court released Foster while this case was pending on direct review. Thus, appellant's sentence is deemed void, must be vacated, and the matter must be remanded to the trial court for a new sentencing hearing. Id. at ¶ 103 and ¶ 104. However, given that this will be appellant's third bite at the sentencing apple, this remand is little more than a perfunctory process mandated byFoster. Nevertheless, the circumstances require we take this immediate action. See State v. Krauss, 6th Dist. No. F-05-18,2006-Ohio-729, at ¶ 16.
 {¶ 9} On consideration whereof, the judgment of the Lucas County Court of Common Pleas is reversed in part and affirmed in part, and this cause is remanded to that court for re-sentencing. The common pleas court is instructed to appoint new trial counsel for that limited purpose. Appellant and appellee are ordered to pay the costs of this appeal in equal shares pursuant to App. R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
Judgment Affirmed, in part, and Reversed, in part.
A certified copy of this entry shall constitute the mandate pursuant to App.R.27. See, also, 6th Dist.Loc.App.R.4.
Singer, P.J., Parish, J., Skow, J., concur.