OPINION
{¶ 1} Defendant, Augustus Franklin, appeals from the trial court's judgment dismissing his petition for post conviction relief.
 {¶ 2} Over a period of several years between 1994-1998, Defendant engaged in sexual conduct with his stepdaughter who *Page 2 
was less than thirteen years of age. As a result of his Alford guilty pleas, Defendant was convicted of five counts of rape and was sentenced to concurrent terms of life imprisonment. We affirmed Defendant's convictions and sentence on direct appeal, but reversed his sexual offender classification and remanded that matter for a hearing.State v. Franklin (Dec. 22, 2000), Greene App. No. 99-CA-117.
 {¶ 3} In 2002 Defendant filed a motion for a new trial. The trial court denied that motion and we affirmed the judgment of the trial court. State v. Franklin, Greene App. No. 2002-CA-7, 2003-Ohio-3831.
 {¶ 4} On November 12, 2004, the trial court held a hearing on Defendant's motion to withdraw his guilty pleas which Defendant had originally filed on November 29, 1999. Following the hearing, on December 7, 2004, the trial court overruled Defendant's motion to withdraw his guilty pleas. We affirmed the judgment of the trial court.State v. Franklin, Greene App. No. 2004-CA-127, 2005-Ohio-6832. Defendant appealed to the Ohio Supreme Court which declined review.State v. Franklin, 109 Ohio St.3d 1493, 2006-Ohio-2762.
 {¶ 5} On December 1, 2006, Defendant filed a petition for post-conviction relief pursuant to R.C. 2953.21. On March 20, 2007, the trial court dismissed Defendant's post conviction *Page 3 
petition because the petition was not timely filed and the exceptions in R.C. 2953.23 for considering an untimely filed petition had not been satisfied.
 {¶ 6} From the trial court's dismissal of his post-conviction petition, Defendant timely appealed to this court.
 {¶ 7} Defendant's pro se appellate brief that he filed on May 4, 2007, does not contain any assignments of error (which violates App.R. 16) challenging the trial court's dismissal of his post-conviction petition because that petition was not timely filed and the exceptions in R.C.2953.23 which allow the court to entertain an untimely filed petition have not been satisfied. Defendant simply does not respond to or address that decision by the trial court. Instead, Defendant's "brief" simply repeats the same argument he previously made in his post-conviction petition in support of his various claims for relief. We will address the timeliness of Defendant's post-conviction petition because that issue is dispositive of this appeal.
 {¶ 8} In cases such as this where there has been a direct appeal, R.C.2953.21(A)(2) requires a petition for post-conviction relief to be filed no later than one hundred eighty days after the trial transcript is filed in the court of appeals. In this case the trial transcript was filed in the *Page 4 
direct appeal on March 1, 1999. Therefore, Defendant had until August 30, 1999, to timely file his post-conviction petition in compliance with R.C. 2953.21(A)(2). He failed to do so. Defendant's petition for post-conviction relief was filed on December 1, 2006, over seven years out of time. Without question Defendant's post-conviction petition was not timely filed.
 {¶ 9} R.C. 2953.23 provides specific exceptions to the one hundred eighty day filing deadline which, if established, allows a trial court to consider an untimely filed post-conviction petition. That section provides:
 {¶ 10} "(A) Whether a hearing is or is not held on a petition filed pursuant to section 2953.21 of the Revised Code, a court may not entertain a petition filed after the expiration of the period prescribed in division (A) of that section or a second petition or successive petitions for similar relief on behalf of a petitioner unless division (A)(1) or (2) of this section applies:
 {¶ 11} "(1) Both of the following apply:
 {¶ 12} "(a) Either the petitioner shows that the petitioner was unavoidably prevented from discovery of the facts upon which the petitioner must rely to present the claim for relief, or, subsequent to the period prescribed in *Page 5 
division (A)(2) of section 2953.21 of the Revised Code or to the filing of an earlier petition, the United States Supreme Court recognized a new federal or state right that applies retroactively to persons in the petitioner's situation, and the petition asserts a claim based on that right.
 {¶ 13} "(b) The petitioner shows by clear and convincing evidence that, but for constitutional error at trial, no reasonable factfinder would have found the petitioner guilty of the offense of which the petitioner was convicted or, if the claim challenges a sentence of death that, but for constitutional error at the sentencing hearing, no reasonable factfinder would have found the petitioner eligible for the death sentence.
 {¶ 14} "(2) The petitioner was convicted of a felony, the petitioner is an inmate for whom DNA testing was performed under sections 2953.71
to 2953.81 of the Revised Code or under section 2953.82 of the Revised Code and analyzed in the context of and upon consideration of all available admissible evidence related to the inmate's case as described in division (D) of section 2953.74 of the Revised Code, and the results of the DNA testing establish, by clear and convincing evidence, actual innocence of that felony offense or, if the person was sentenced to death, establish, by clear and convincing *Page 6 
evidence, actual innocence of the aggravating circumstance or circumstances the person was found guilty of committing and that is or are the basis of that sentence of death."
 {¶ 15} Defendant's petition for post-conviction relief has nothing to do with the results of DNA testing and in fact the trial court denied on December 16, 2004, Defendant's application for DNA testing. Therefore, R.C. 2953.23(A)(2) does not apply. With regard to R.C. 2953.23(A)(1), Defendant's brief on appeal does not even argue, much less demonstrate, any of the exceptions enumerated in R.C.2953.23(A)(1)(a) and (b). Defendant does not argue, nor does his post-conviction petition assert a claim based upon, retroactive application of a new state or federal right recently recognized by the United States Supreme Court. R.C.2953.23(A)(1)(a). Therefore, that exception does not apply.
 {¶ 16} In his response to the State's motion to dismiss his post-conviction petition, Defendant alleges that he was unavoidably prevented from discovering the facts upon which he must rely to present his claim for relief. That claim for relief was ineffective assistance of counsel based upon advice Defendant claims his counsel gave him that was erroneous, i.e. that Defendant could not present evidence showing that the victim had a venereal disease but Defendant does not. The *Page 7 
evidence Defendant claims he was prevented from discovering was a medical report or record indicating that the victim has chlamydia. However, Defendant alleges that during a hearing on his motion to withdraw his guilty pleas that was held on November 12, 2004, the prosecutor conceded that he had seen a reference in a hospital record indicating that the victim has Chlamydia. Because Defendant was present at that hearing, he obviously became aware of that evidence at that time, more than two years before he filed his post-conviction petition. Defendant has not demonstrated that he was unavoidably prevented from discovering this evidence.
 {¶ 17} Furthermore, Defendant has not satisfied R.C. 2953.23 (A)(1)(b) by demonstrating that but for the constitutional error at trial, i.e. defense counsel's erroneous advice that Defendant cannot present evidence to show the victim has a venereal disease but he does not, no reasonable factfinder would have found Defendant guilty of rape. First of all, Defendant makes no argument even addressing, much less demonstrating, that requirement in R.C. 2953.23(A)(1)(b). More importantly, Defendant admitted to police that he engaged in sexual conduct with the victim, both before and after she turned thirteen years of age. In light of that confession and the victim's statement to police, *Page 8 
Defendant cannot and has not demonstrated that no reasonable factfinder would have found him guilty but for his counsel's erroneous advice.
 {¶ 18} Because Defendant has failed to demonstrate that he satisfies the exceptions in R.C. 2953.23(A)(1)(a) and (b), the trial court lacked jurisdiction to consider his untimely filed post-conviction petition and properly dismissed such.
 {¶ 19} The judgment of the trial court will be affirmed.
BROGAN, J. And DONOVAN, J., concur.
(Hon. Anthony Valen, retired from the Twelfth Appellate District, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Elizabeth A. Ellis, Esq.
Augustus T. Franklin
 Hon. Stephen A. Wolaver *Page 1