[Cite as *State v. Jennings*, 2012-Ohio-1229.]

IN THE COURT OF APPEALS FOR MONTGOMERY COUNTY, OHIO

STATE OF OHIO                                    :

    Plaintiff-Appellee                       :          C.A. CASE NO.    24559

v.                                               :          T.C. NO.    08CR4515

ROBERT JENNINGS                                  :          (Criminal appeal from
                                                 Common Pleas Court)
    Defendant-Appellant                      :

                                                 :

             . . . . . . . . . .

## O P I N I O N

Rendered on the    23rd    day of     March   , 2012.

. . . . . . . . . .

CARLEY J. INGRAM, Atty. Reg. No. 0020084, Assistant Prosecuting Attorney, 301 W. Third Street, 5th Floor, Dayton, Ohio 45422
        Attorney for Plaintiff-Appellee

ADRIAN KING, Atty. Reg. No. 0081882, 36 N. Detroit Street, Suite 104, Xenia, Ohio 45385
        Attorney for Defendant-Appellant

ROBERT JENNINGS, #647-545, 15708 McConnelsville Road, Caldwell, Ohio 43724
        Defendant-Appellant

. . . . . . . . . .

DONOVAN, J.

{¶ 1}    This matter is before the Court on defendant-appellant Robert Jennings'

notice of appeal filed on April 1, 2011, in case number 2008 CR 4515.  On June 26, 2009,

Jennings pled guilty to two counts of grand theft of a motor vehicle in violation of R.C. 2913.02 (A)(1), both fourth degree felonies. On July 23, 2009, Jennings was sentenced to Community Control sanctions for a period not to exceed five years. On March 10, 2011, after Jennings admitted to violating the terms of his community control sanctions, the trial court revoked his community control sanctions and sentenced him to serve prison terms of 12 and 11 months to be served concurrently. Jennings was given credit for 118 days served, thus his prison term has since been completed. From this sentence, Jennings appeals.

{¶ 2} Jennings' appointed appellate counsel filed an appellate brief pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), stating that he has determined that there is no merit to Jennings' appeal. Jennings was notified of his counsel's representations and filed a pro se brief on October 13, 2011. This matter is now before this Court for our independent review of the record. *Penson v. Ohio*, 488 U.S. 75, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988).

{¶ 3} Jennings' appellate counsel has submitted one possible issue for appeal as follows: "That the sentence was not consistent with the principles and purposes of sentencing."

{¶ 4} In his brief, Jennings raises the following four assignments of error. First, that "the Appellant was denied due process when the Court arbitrarily revoked his 'probation'-like status, and this for alleged violations he had not been seasonably notified of, and were not put in writing as required by law." Second, "that even assuming the violations charged here occurred, the Court abused it's [sic] discretion, and violated due process, when it revoked the appellant's probation under the facts in this case." Third, that "the Court's

finding that Robert Jennings violated the terms of probation is against the manifest weight of the evidence as he did not plead guilty to the probation violation charges." And lastly, that "the Trial Court abused it's [sic] discretion when it ordered the Appellant to pay court costs after the court did not abide by the mandatory requirements pursuant to R.C. 2919.19(B)(6)."

{¶ 5} Because Jennings has already served his sentence in this matter, we cannot provide him any meaningful relief as to his prison term. Therefore, Jennings's appellate counsel's sole assignment of error, as well as Jennings' first three assignments are moot and hold no arguable merit. We will now discuss Jennings' fourth assignment of error.

{¶ 6} Jennings cites R.C. 2919.19(B)(6), now R.C. 2929.19(B)(5), to support his contention that the trial court abused its discretion when it ordered him to pay costs. R.C. 2929.19(B)(5) states that "before imposing a financial sanction under 2929.18 of the Revised Code or a fine under section 2929.32 of the Revised Code, the court shall consider the offender's present and future ability to pay the amount of the sanction or fine." "Financial Sanctions include, for example, restitution, fines, and reimbursement of the costs of community control sanctions, confinement, or monitoring devices." *State v. Lux*, 2d Dist. Miami No. 2010 CA 30, 2012-Ohio-112, citing R.C. 2929.18. As this Court previously stated in *Lux*:

Court costs are governed by R.C. 2947.23. Court costs are not financial sanctions. *State v. Smith*, 3d Dist. Allen No. 1-07-32, 2007-Ohio-6552, ¶ 11. Consequently, R.C. 2929.19 is inapplicable to court costs, and the trial court need not consider a defendant's ability to pay under R.C. 2929.19 prior to imposing court costs. E.g, *id.*; *Columbus v. Kiner*, 10th

Dist. Franklin No. 11AP-543, 2011-Ohio-6462.

Under R.C. 2947.23, a trial court is required to impose court costs against all convicted defendants, even those who are indigent. See *State v. White*, 103 Ohio St.3d 580, 2004-Ohio-5989, 817 N.E.2d 393, ¶ 8. However, "despite the mandatory language *** requiring the imposition of court costs, a trial court may waive the *payment* of costs." (Emphasis in original.) *State v. Joseph*, 125 Ohio St.3d 76, 2010-Ohio-954, 926 N.E.2d 278, ¶ 11. It is also possible that, during the collection process, the clerk of courts may waive the collection of court costs for indigent defendants. See *White* at ¶ 14 (noting that R.C. 2929.14 was silent as to the collection of costs from indigent defendants).

A defendant seeking a waiver of the payment of court costs must move for such a waiver at sentencing. *State v. Threatt*, 108 Ohio St.3d 277, 2006-Ohio-905, 843 N.E.2d 164; *State v. Stutz*, 2d Dist. Montgomery No. 24489, 2011-Ohio-5210, ¶ 16. The trial court, however, has no duty to waive court costs, and R.C. 2949.092 does not provide standards for such waiver. Id, citing *State v. Costa*, 2d Dist. Greene No. 99 CA 14, 1999 WL 957647 (Sept. 3, 1999). An appellate court reviews the denial of a motion to waive payment of court costs under an abuse of discretion standard. *Lux*, at _ 45-47.

**{¶ 7}** Jennings did not request a waiver of court costs at his sentencing. Consequently, he cannot challenge the trial court's imposition of them on direct appeal.

Jennings also contends that the trial court erred in imposing financial sanctions, such as restitution. However, the termination entry dated March 25, 2011, reveals that the trial court did not impose any restitution or financial sanctions on Jennings. Accordingly, Jennings' fourth assignment of error has no arguable merit.

{¶ 8}    In addition to reviewing the possible issue for appeal raised by Jennings' appellate counsel, and those issues raised by Jennings himself, we have conducted an independent review of the trial court's proceedings and have found no error having arguable merit. Accordingly, Jennings' appeal is without merit and the judgment of the trial court is affirmed.

. . . . . . . . . .

FROELICH, J. and HALL, J., concur.

Copies mailed to:

Carley J. Ingram
Adrian King
Robert Jennings
Hon. Mary L. Wiseman