[Cite as *State v. Cox*, 2012-Ohio-3280.]

IN THE COURT OF APPEALS OF MONTGOMERY COUNTY, OHIO

| | | |
|---|---|---|
| STATE OF OHIO | : | |
| Plaintiff-Appellee | : | C.A. CASE NO. 24788 |
| vs. | : | T.C. CASE NO. 10CR1193 |
| JAMES COX | : | (Criminal Appeal from Common Pleas Court) |
| Defendant-Appellant | : | |

· · · · · · · · ·

**O P I N I O N**

Rendered on the 20th day of July, 2012.

· · · · · · · · ·

Mathias H. Heck, Jr., Pros. Attorney; Michele D. Phipps, Asst. Pros. Attorney, Atty. Reg. No. 0069829, P.O. Box 972, Dayton, OH   45422
        **Attorneys for Plaintiff-Appellee**

Lori R. Cicero, Atty. Reg. No. 0079508, 500 East Fifth Street, Dayton, OH 45402
        **Attorney for Defendant-Appellant**

· · · · · · · · ·

GRADY, P.J.:

{¶ 1}   Defendant James Cox appeals from a final order revoking his judicial release.

{¶ 2}   In July 2010, Defendant was convicted of arson, R.C. 2909.03(A)(1), a felony of the fourth degree, and possession of criminal tools, R.C. 2923.24(A), a felony of the fifth degree.   He was sentenced to one year in prison.   Defendant filed a motion for judicial

release, which the trial court granted in January 2011.

{¶ 3} Several months later, Defendant was arrested for violation of a protection order. Defendant's probation officer filed a notice of revocation of Defendant's judicial release. Following a hearing, the trial court found Defendant in violation of the terms of his judicial release and ordered him to serve the remainder of his prison sentence.

{¶ 4} Defendant appeals raising the following assignment of error:

"THE TRIAL COURT COMMITTED PREJUDICIAL ERROR AND ABUSED ITS DISCRETION IN REVOKING THE PROBATION OF DEFENDANT-APPELLANT."

{¶ 5} When Defendant's judicial release was revoked in July 2011, he had approximately seventy-five days remaining on his sentence. We take judicial notice that Defendant's name does not appear on the Ohio Department of Rehabilitation and Correction website and that he appears to have served the remainder of his sentence. *State v. Silvers,* Clark No. 2005CA 18, 2006-Ohio-3129, ¶ 7.

{¶ 6} We have previously held that when a defendant has completed his sentence, "we cannot provide him any meaningful relief as to his prison term." *State v. Jennings,* 2d Dist. Montgomery 24599, 2012-Ohio-1229, ¶ 7. Therefore, we concluded in *Jennings* that the defendant's assignments of error that related to the trial court's finding that he had violated the terms of his community control were moot and held no arguable merit. *Id.* The same principle applies here, where Defendant was found to have violated the terms of his judicial release.

{¶ 7} Accordingly, Defendant's sole assignment of error is overruled as moot. The judgment of the trial court is affirmed.

FROELICH, J., And HALL, J., concur.

Copies mailed to:

Michele D. Phipps, Esq.
Lori R. Cicero, Esq.
Hon. Frances E. McGee