[Cite as *State v. Brewer*, 2014-Ohio-1903.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA1 |
| Plaintiff-Appellee, | : | |
| v. | : | DECISION AND JUDGMENT ENTRY |
| CARL BREWER, | : | |
| Defendant-Appellant. | : | **RELEASED:  4/24/14** |

_____

APPEARANCES:

Michael R. Huff, Athens, Ohio, for appellant.

Colleen S. Williams, Meigs County Prosecuting Attorney, and Amanda Bizub-Franzmann, Meigs County Assistant Prosecuting Attorney, Pomeroy, Ohio, for appellee.

_____

Harsha, J.

{¶1}    Carl Brewer pleaded guilty to one count of burglary and appeals his sentence, which included a seven-year prison term and an order to pay restitution of $1,000 to the victim.

{¶2}    First, Brewer argues that his trial counsel was ineffective because the attorney failed to review his presentence investigation report ("PSI") before the sentencing hearing and failed to request a continuance of the hearing to review the report.  However, counsel indicated he did not review the PSI because it was incomplete due to Brewer's failure to cooperate with the investigation.  Moreover, given Brewer's admitted noncompliance with the trial court's orders, including his criminal conduct while released on bond pending sentencing, Brewer cannot establish a reasonable probability that, but for counsel's purported errors, the result of the proceeding would have been different.

{¶3}    Next, Brewer claims that the trial court abused its discretion in sentencing him just short of the maximum prison term authorized by law.  Because our standard of review in felony sentencing cases is no longer the abuse-of-discretion standard and Brewer concedes that his seven-year prison sentence is not clearly and convincingly contrary to law, this assignment of error has no merit.

{¶4}    Brewer finally contends that the trial court erred when it sentenced him to pay restitution of $1,000 to the victim without first inquiring of his ability to pay as required by R.C. 2929.19(B)(5).[1]  Brewer's claim is meritless because the record included pertinent information about his financial situation and the trial court specified that it had determined that he "has the present and/or future ability to pay restitution."

{¶5}    Therefore, we overrule Brewer's assignments of error and affirm the judgment of the trial court.

## I.  FACTS

{¶6}    Michael Duhl, who had installed cameras inside his home, telephoned police that Brewer was burglarizing his house.  The police interrupted the burglary and arrested Brewer when he attempted to run away.  Brewer later confessed to breaking into Duhl's house and stealing items from it.  A subsequent search of Brewer's car uncovered a tool case stolen from Duhl's house in an earlier burglary.

{¶7}    Less than two months later, a Meigs County grand jury indicted Brewer on two counts of burglary in violation of R.C. 2911.12(A)(2), a felony of the second degree. At his arraignment hearing, Brewer stated that he was 28 years old, he had not worked

---

[1] Both parties and the trial court erroneously refer to this requirement as being in R.C. 2929.19(B)(6). They are, however, referring to *former* R.C. 2929.19(B)(6), which was amended and included in the current version of R.C. 2929.19(B)(5) before this criminal case was instituted.  *See State v. Jennings*, 2d Dist. Montgomery No. 24559, 2012-Ohio-1229, ¶ 6.

in two years, he did not have assets more than $500 in his name alone, and he lived with his father.  The trial court determined that Brewer was indigent and appointed attorney David Baer to represent him.  Brewer noted that he had just posted $500 to be released on a $5,000 bond in a different criminal matter.  The trial court set a $5,000 appearance bond, with 10% cash permitted.

{¶8}    Shortly thereafter, the trial court held a bond hearing, and it released Brewer on his own recognizance upon his posting of $110 in fees.  The court ordered Brewer to remain at his mother's residence except to travel with prior approval to church and doctor appointments.  The trial court later held that Brewer need not post the $110 in fees because he had previously posted the $500 for the initial bond.

{¶9}    About a month later, the state filed a motion to revoke Brewer's bond on the basis that he had committed another burglary while he was out on bond.  The trial court revoked the bond and ordered Brewer's arrest and detention until he could appear before it.  At a pretrial hearing, the state commented that Brewer had been released on his own recognizance for various crimes on five separate occasions and that he had "been in court a number of times on bond revocations," including "a new breaking and entering," which verified that he was not complying with the conditions of his release.  The trial court emphasized to Brewer that he had to follow court orders, and it set a new bond.

{¶10}  Brewer then entered into an agreement to plead guilty to the second count of burglary in return for the dismissal of the first count.  The parties agreed that the state would recommend a prison term not to exceed four years and Brewer would argue that he be sentenced to community control.  At the change of plea hearing, Brewer testified

that he had completed the seventh grade and that he was not able to read and write very well. He stated, however, that he had previously been employed as a carpenter and also operated forklifts and Bobcat machines. He also stated that other than some liver problems he did not have physical or mental issues. The state noted that although Brewer's previous bond had been revoked because of a suspected burglary, because he was not indicted for that incident, the state would not oppose letting Brewer out on bond pending sentencing. A neighbor in the audience at the hearing noted that everybody in the community had had trouble with Brewer in the past.

{¶11} The trial court found Brewer guilty upon the parties' stipulation of fact and ordered a presentence investigation. The trial court further ordered that Brewer submit to an evaluation and assessment by TASC, Health Recovery Services, and SEPTA. The trial court released him on his own recognizance upon payment of $110 on the conditions that he stay home, he not have contact with either the victim of the crime or another neighbor who spoke at the hearing, he remain at home except when he went to church, and he remain law abiding.

{¶12} A couple months later, the trial court held a sentencing hearing. The state noted that Brewer had not completed the ordered evaluations and had been stopped by the State Highway Patrol for marijuana possession while out on bond pending sentencing.[2] In accordance with the parties' plea agreement, the state recommended that Brewer receive a four-year prison term. The burglary victim requested restitution of $1,000 to replace a broken door, and in his victim impact statement, requested a six-month prison term. Brewer's trial counsel, attorney Baer, argued that Brewer should be

_____

[2] Although the hearing does not indicate whether he was charged, Brewer's brief on appeal concedes that he was cited for a misdemeanor marijuana charge.

placed in a community based correctional facility, rather than prison, to participate in

programs addressing his underlying chemical dependency and substance abuse

problems.  But the attorney recognized that if Brewer had failed to make the

appointments to be evaluated for these programs, "that may limit ou[r] choices."

{¶13}  At that point in the proceedings, the trial court asked attorney Baer if he

had seen Brewer's PSI:

> THE COURT:  Did you not get a chance to see the PSI?
>
> ATTORNEY BAER:  No.  I understood it was incomplete.
>
> THE COURT:  It's dreadful.
>
> ATTORNEY BAER:  Uh…
>
> THE COURT:  Totally not compliant.  He ignored all the instructions of my staff.  Failed to go to SEPTA.  Failed to participate in MonDay.  Didn't do anything we requested.  Today is the day.  I am sure you remember the litany I told him.  He had to get all of that done
>
> ATTORNEY BAER:  Yes.
>
> THE COURT:  And it's certainly no reflection on you, Mr. Baer.  I don't want you to argue things that are not possible for me at this point.
>
> ATTORNEY BAER:  That's alright.  Alright.

{¶14}  The trial court noted that a probation officer had given Brewer a packet for

the PSI that he was supposed to complete and return, but he did not.  Brewer claimed

that he didn't understand it.  Brewer also failed to set an appointment with Health

Recovery Services for a drug-dependence evaluation until the date of sentencing.

Brewer claimed that he completed a TB test and answered questions at SEPTA, but he

did not disagree with the court's statement that SEPTA found that he was not an

acceptable candidate.  Brewer agreed that his multiple misdemeanor convictions related

to his use of alcohol and drugs and that he couldn't even remember that he had been pulled over by a patrolman for marijuana use while driving a car. The PSI concluded that Brewer "has a problem with following rules and the ability to stay out of trouble" and recommended that he be sentenced to the maximum prison term.

**{¶15}** At the conclusion of the hearing, the trial court decided to sentence Brewer to a prison term longer than that recommended by the state because of his failure to follow orders, including his continued violation of the law while he was out on bond:

> THE COURT: Alright. I'm giving him seven years in prison. I'm going to remand him to the custody of the Meigs County Sheriff. You can apply for judicial release after 60 months. I'm not following the recommendation of the State. I don't think it's severe enough based on the fact you don't do anything anybody says, Mr. Brewer. You continue to violate the law while you're on bond. Remanded to custody.

**{¶16}** The trial court also ordered Brewer to pay court costs and the $1,000 in restitution requested by the victim. The trial court issued a sentencing entry reflecting its decision.

**{¶17}** We dismissed Brewer's initial appeal because there was no journal entry resolving the first count of burglary charged in the indictment. *State v. Brewer*, 4th Dist. Meigs No. 12CA9, 2013-Ohio-5118. Subsequently, the trial court issued a new sentencing entry that sentenced Brewer to seven years in prison on his conviction for the second count of burglary, dismissed the first count of burglary, and ordered that Brewer pay $1,000 in restitution to the victim. This appeal from the amended sentencing entry ensued.

II. ASSIGNMENTS OF ERROR

**{¶18}** Brewer assigns the following errors for our review:

1.  The appellant was denied the effective assistance of counsel as guaranteed by the Sixth and Fourteenth Amendments to the Constitution of the United States and Art. I, section 10 of the Ohio Constitution.

2.  The trial court abused its discretion when it sentenced appellant to serve a near maximum sentence (7 years out of a possible maximum 8 year sentence).

3.  The trial court erred as a matter of law and abused its discretion when it sentenced appellant to pay restitution of $1,000 to the victim without first inquiring of the appellant's ability to pay as required by ORC 2929.19(B)[5].

III.  LAW AND ANALYSIS

A.  Ineffective Assistance of Counsel

**{¶19}** In his first assignment of error Brewer claims that he was denied the effective assistance of counsel.  More specifically, Brewer contends that his trial counsel was ineffective because he did not review the PSI, did not request a continuance to confer with Brewer and have Brewer complete the PSI, and failed to address the trial court's concerns.

**{¶20}** Criminal defendants have the constitutional right to counsel, which includes the right to the effective assistance of counsel.  *Evitts v. Lucey*, 469 U.S. 387, 392, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) ("we have held that the trial-level right to counsel, created by the Sixth Amendment and applied to the States through the Fourteenth Amendment, * * * comprehends the right to effective assistance of counsel"); Article I, Section 10, Ohio Constitution.

**{¶21}** To prevail on a claim of ineffective assistance of counsel, a criminal defendant must establish (1) deficient performance by counsel, i.e., performance falling below an objective standard of reasonable representation, and (2) prejudice, i.e., a

reasonable probability that, but for counsel's errors, the result of the proceeding would have been different.  *State v. Short*, 129 Ohio St.3d 360, 2011-Ohio-3641, 952 N.E.2d 1121, ¶ 113; *Strickland v. Washington*, 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984); *State v. Knauff*, 4th Dist. Adams No. 13CA976, 2014-Ohio-308, ¶ 23.  The defendant bears the burden of proof because in Ohio, a properly licensed attorney is presumed competent.  *State v. Gondor*, 112 Ohio St.3d 377, 2006-Ohio-6679, 860 N.E.2d 77, ¶ 23.  Failure to establish either part of the test is fatal to an ineffective-assistance claim.  *Strickland* at 697; *State v. Bradley*, 42 Ohio St.3d 136, 143, 538 N.E.2d 373 (1989).

**{¶22}**  Brewer cannot establish a reasonable probability that but for counsel's alleged errors, the result of the proceeding would have been different.  The transcript of the sentencing hearing indicates that the trial court rejected the state's recommendation of a four-year prison term and imposed a harsher sentence because Brewer exhibited a pattern of not complying with orders, including violating the law while released on bond.  Ironically, Brewer argues that he completed a SEPTA evaluation and had a TB test, "thus *partially complying*" with the trial court's orders.  (Emphasis added.)  By contending that he only partially complied with the orders, Brewer essentially concedes that he did not fully comply with them.  And Brewer further admits, as he did at the sentencing hearing, that one of the trial court orders he violated required him to abide by the law when he was released on bond pending sentencing; he violated the order because he was pulled over for a marijuana charge.

**{¶23}**  There is no credible evidence in the record to suggest that if Brewer's trial counsel had reviewed the PSI before sentencing, requested a recess during sentencing,

or asked that Brewer be given additional time to complete the information he had failed to previously on the PSI, a different result was reasonably probable.  Brewer does not argue on appeal that the information in the PSI was incorrect; nor can he allude to any additional information that could have changed the fact that he continued to violate the law during the short period of time he was released on bond pending sentencing and that he failed to complete information or provide evaluations as instructed.  Nor could he have changed the fact when he did get evaluated, SEPTA determined that he was not an acceptable candidate for its program.  Furthermore, Brewer never expressed dissatisfaction with his trial counsel's performance during the trial court proceedings.  In fact, the record generally exhibits that notwithstanding Brewer's repeated failure to comply with court orders and instructions, his trial counsel negotiated a favorable plea agreement and provided a competent argument concerning the propriety of community control in lieu of prison. Ultimately, however, his trial counsel could not persuade the court to overlook Brewer's continued noncompliance with court orders and instructions.

{¶24}  Under these circumstances, Brewer cannot establish prejudice from his counsel's allegedly deficient performance during sentencing.  Therefore, his ineffective-assistance assignment of error fails.  *See, e.g., State v. Ramos*, 11th Dist. Geauga No. 2007-G-2794, 2008-Ohio-3738, ¶ 29, 33 (claim of ineffective assistance of counsel based in part on trial counsel's failure to review presentence investigative report rejected); *State v. Barnes*, 8th Dist. Cuyahoga No. 94025, 2010-Ohio-4674, ¶ 46 (trial counsel's failure to read presentence investigation report or request additional time to do so before sentencing did not constitute ineffective assistance because the record did not establish prejudicial error).  We overrule Brewer's first assignment of error.

B.  Prison Sentence

{¶25}  In his second assignment of error, Brewer asserts that the trial court abused its discretion when it sentenced him to serve a near maximum prison sentence of seven years.

{¶26}  Initially, we must determine the correct standard of review in felony sentencing cases.  "Prior to *Foster*, [109 Ohio St.3d 1, 2006-Ohio-856, 845 N.E.2d 470], there was no doubt regarding the appropriate standard for reviewing felony sentences. Under the applicable statute, appellate courts were to 'review the record, including the findings underlying the sentence or modification given by the sentencing court.  * * * The appellate court's standard for review [was] not whether the sentencing court abused its discretion. R.C. 2953.08(G)(2)."  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E2d 124, ¶ 9.  "The statute further authorized a court of appeals to 'take any action * * * if it clearly and convincingly finds either of the following:  (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (E)(4) of section 2929.14, or division (H) of section 2929.20 of the Revised Code, whichever, if any, is relevant; (b) That the sentence is otherwise contrary to law.'  Former R.C. 2953.08(G)(2), 2004 Am.Sub.H.B. No. 473, 150 Ohio Laws, Part IV, 5814."  *Id.* at ¶ 10.

{¶27}  In *Foster*, the Supreme Court of Ohio declared certain provisions of the felony sentencing statutes unconstitutional and excised them because they required judges to make certain factual findings before imposing maximum, non-minimum, or consecutive sentences.  The Supreme Court held that insofar as former R.C.

2953.08(G), referred to the severed unconstitutional judicial findings provisions, it no longer applied.  *Id.* at ¶ 99.

**{¶28}**  Following *Foster*, appellate districts applied different standards of review in felony sentencing cases.  *Kalish* at ¶ 3.  In *Kalish*, the Supreme Court of Ohio attempted to resolve the conflicting standard, and a three-judge plurality held that based on the court's previous opinion in *Foster*, "appellate courts must apply a two-step approach when reviewing felony sentences.  First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard."  *Id.* at ¶ 26.  A fourth judge concurred in judgment only and advocated a differing standard based on which statutes were being challenged.  *Id.* at ¶ 27-42 (Willamowski, J., concurring).  The remaining three judges joined the author of the court's decision in *Foster* in an opinion that stated *Foster* did not modify the standard for appellate review of felony sentences set forth in R.C. 2953.08, which did not include an abuse-of-discretion standard.  *Id.* at ¶ 43-68 (Lanzinger, J., dissenting).

**{¶29}**  In the wake of *Kalish*, most appellate courts, including this one, followed the two-step standard of review specified by the plurality, even though it had not garnered the support of a majority of the Supreme Court. *See, e.g., State v. Tolle*, 4th Dist. Adams No. 13CA964, 2013-Ohio-5568, ¶ 22.

**{¶30}**  Following *Kalish*, however, the United States Supreme Court held contrary to *Foster*, that it is constitutionally permissible for states to require judges rather than

juries to make findings of fact before imposing consecutive sentences. *Oregon v. Ice*, 555 U.S. 160, 164, 129 S.Ct. 711, 172 L.Ed.2d 517 (2009). The Supreme Court of Ohio then held that the sentencing provisions it ruled unconstitutional in *Foster* remained invalid following *Ice* unless the General Assembly enacted new legislation requiring the judicial findings. *State v. Hodge*, 128 Ohio St.3d 1, 2010-Ohio-6320, 941 N.E.2d 768, paragraphs two and three of the syllabus. Thereafter, the General Assembly enacted 2011 Am.Sub.H.B. No 86 ("H.B. 86"), which revived some of the judicial fact-finding requirements for sentences and reenacted the felony sentencing standard of review in R.C. 2953.08(G).

{¶31} In light of these quickly changing circumstances, many appellate courts have abandoned the standard of review set forth in the *Kalish* plurality and returned to the standard set forth in the statute. Recently, in *State v. Bever*, 4th Dist. Washington No. 13CA21, 2014-Ohio-600, ¶ 13, the lead opinion espoused the view that we should adopt the holdings of those other appellate districts that have addressed the issue and hold that the abuse-of-discretion part of the *Kalish* test no longer controls. In that case, the author of this opinion concurred in judgment because the appeal was manifestly governed by the standard of review in R.C. 2953.08(G)(2), so we did not need to address the viability of the second part of the standard of review set forth in *Kalish*. *Id.* at ¶ 24 (Harsha, J., concurring in judgment only)[3]; *see also State ex rel. Asti v. Ohio Dept. of Youth Servs.*, 107 Ohio St.3d 262, 2005-Ohio-6432, 838 N.E.2d 658, ¶ 34, quoting *PDK Laboratories, Inc. v. United States Drug Enforcement Administration* (D.C.Cir.2004), 362 F.3d 786, 799 (Roberts, J., concurring in part and in the judgment) (" 'This is a sufficient ground for deciding this case, and the cardinal principle of judicial

---

[3] Judge McFarland also concurred in judgment only to the lead opinion in *Bever.*

restraint—if it is not necessary to decide more, it is necessary not to decide more—counsels us to go no further' ").

**{¶32}** Here, however, Brewer does not assert that the trial court's seven-year sentence is contrary to law.  Nor does he suggest that his appeal is based on any of the grounds specified in R.C. 2953.08(A).  Instead, he argues simply that the trial court's imposition of a seven-year sentence constituted an abuse of discretion under the second part of the *Kalish* test.  Therefore, the issue of whether the *Kalish* test remains viable is directly before us in this appeal.

**{¶33}** Upon consideration, we join the growing number of appellate districts that have abandoned the *Kalish* plurality's second-step abuse-of-discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that "[t]he appellate court's standard of review is not whether the sentencing court abused its discretion."  *See generally State v. White*, 1st Dist. Hamilton No. C-130114, 2013-Ohio-4225, ¶ 9 ("we cannot justify applying an abuse of discretion standard where the legislature has explicitly told us that the standard of review is not an abuse of discretion.  Thus, henceforth, we will apply the statutory standard rather than the *Kalish* plurality framework to our review of felony sentences"); *State v. Scates*, 2d Dist. Clark No. 2013-CA-36, 2014-Ohio-418, ¶ 11 ("*Kalish*'s two-step approach no longer applies to appellate review of felony sentences"); *State v. Tammerine*, 6th Dist. Lucas No. L-13-1081, 2014-Ohio-425,  ¶ 10 ("Given recent legislative action in Ohio, culminating in the passage of a new statute directly addressing appellate court felony sentence review and a growing body of recent appellate cases applying the new statutory parameters, we are no longer utilizing the former *Kalish* approach"); *State v. Venes*, 2013-Ohio-1891, 992

N.E.2d 453 (8th Dist.), ¶ 10 ("With the basis for the decision in *Kalish* no longer valid, and given that *Kalish* had questionable precedential value in any event, we see no viable reasoning for continuing to apply the standard of review used in that case"); *State v. Ayers*, 10th Dist. Franklin No. 13AP-371, 2014-Ohio-276, ¶ 8, quoting *State v. Allen*, 10th Dist. Franklin No. 10AP-487, 2011-Ohio-1757, ¶ 21 (" 'since *Kalish*, this court has * * * only applied the contrary-to-law standard of review' "); *State v. Waggoner*, 12th Dist. Butler No. CA2013-02-027, 2013-Ohio-5204, ¶ 6, quoting *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6 ("we recently stated that 'rather than continue to apply the two-step approach as provided by *Kalish*' in reviewing felony sentencing, 'the standard of review set forth in R.C. 2953.08(G)(2) shall govern all felony sentences' ").

**{¶34}** To be sure, as Judge Froelich pointed out in his concurring opinion in *State v. Rodeffer*, 2d Dist. Montgomery Nos. 25574 et seq., 2013-Ohio-5759, ¶ 45 (Froelich, J., concurring), it can be asserted that when an appeal is not made under R.C. 2953.08(A), (B), or (C), the standard of review set forth in R.C. 2953.08(G)(2) does not apply from the outset. That is, under this view, there may be appeals in felony sentence cases that are not governed by the statute at all.

**{¶35}** Nevertheless, as Judge Hall pointed out in his concurring opinion in *Rodeffer*, this strict interpretation of R.C 2953.08 was not adopted by the Supreme Court in *Kalish*, where "all seven jurists agreed that former R.C. 2953.08(G)(2) applied to *all* felony sentencing." *Id.* at ¶ 51 (Hall, J., concurring). Indeed, under the views of the two three-Justice opinions in *Kalish*—the plurality and the dissent, the manifest

conclusion is that "R.C. 2953.08, had it not been for the severance of the statute by *Foster*, was intended to apply to all felony sentencing." *Id.* at ¶ 53 (Hall, J., concurring).

**{¶36}** In addition, we must acknowledge that *Kalish* was merely a plurality opinion. Its standard of review was never made a part of the court's syllabus. *See Ayers* at ¶ 8, noting that the Tenth District Court of Appeals has historically not applied the abuse-of-discretion prong of the *Kalish* test. Moreover, the basis for the *Kalish* plurality holding was extinguished when the legislature reenacted R.C. 2953.08, in H.B. 86. Under these circumstances, there is no longer any basis to apply the abuse-of-discretion prong of the standard of review set forth in the *Kalish* plurality opinion because it is based on precedent that has since been abrogated.

**{¶37}** R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." As noted previously, under this standard the appellate court does not determine whether the trial court abused its discretion. R.C. 2953.08(G)(2).

**{¶38}** Applying this standard of review, as Brewer concedes we must, his seven-year sentence for burglary is not clearly and convincingly contrary to law. Although the plurality opinion in *Kalish* no longer controls our standard of review of felony sentences, "it may still be utilized in the course of determining whether a sentence is clearly and convincingly contrary to law." *Tammerine*, 2014-Ohio-425, at ¶ 15. Consequently, a sentence is generally not contrary to law if the trial court considered the R.C. 2929.11 purposes and principles of sentencing as well as the R.C. 2929.12 seriousness and

recidivism factors, properly applied postrelease control, and imposed a sentence within the statutory range. *Id.*, citing *Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 18. The sentence must also comply with any specific statutory requirements that apply, e.g. a mandatory term for a firearm specification, certain driver's license suspensions, etc.

{¶39} In its amended sentencing entry the trial court specified that it considered the principles and purposes of sentencing under R.C. 2929.11, balanced the seriousness and recidivism factors under R.C. 2929.12, and properly applied postrelease control. In addition, the trial court imposed a seven-year prison sentence for Brewer's second-degree felony conviction for burglary, which was within the statutory range of two to eight years. R.C. 2929.14(A)(2). Therefore, Brewer's seven-year sentence is not clearly and convincingly contrary to law.

{¶40} Brewer's argument under his second assignment of error is restricted to contending that the trial court abused its discretion in imposing a seven-year sentence because the reasons it cited for departing from the state's recommended four-year prison term were unreasonable, arbitrary, and capricious. But as previously discussed, this second part of the *Kalish* test is no longer applicable.

{¶41} Moreover, even assuming the second step of the *Kalish* test remains viable, Brewer's argument would still fail. The trial court's reliance on Brewer's failure to follow court orders and instructions, including engaging in criminal conduct while out on bond pending sentencing, justified the imposition of a near-maximum sentence. In addition, the PSI recommended that Brewer be given the maximum term based upon

the pertinent statutory factors.  The trial court's seven-year sentence was neither unreasonable, arbitrary, nor unconscionable.

{¶42}  Because Brewer's challenge to his felony sentence is meritless, we overrule his second assignment of error.

## C.  Restitution

{¶43}  In his third assignment of error, Brewer argues that the trial court erred and abused its discretion when it ordered him to pay restitution of $1,000 to the victim without first inquiring of Brewer's ability to pay as required by R.C. 2929.19(B)(5).

{¶44}  R.C. 2929.18(A)(1) authorizes a trial court to order a felony offender to make restitution to the victim of the offender's crime in an amount based on the victim's economic loss.  Before imposing this financial sanction, the trial court "shall consider the offender's present and future ability to pay" the sanction.  R.C. 2929.19(B)(5).  A trial court abuses its discretion in imposing a financial sanction without conducting even a cursory inquiry into the offender's present and future means to pay the amount imposed.  *State v. Dennis*, 4th Dist. Highland No. 13CA6, 2013-Ohio-5633, ¶ 14.

{¶45}  We review the totality of the record to determine whether this statutory requirement has been satisfied, so that even if the trial court's sentencing entry does not specify that the court considered the defendant's ability to pay, the record may indicate that the court did so.  *State v. Bulstrom*, 2013-Ohio-3582, 997 N.E.2d 162, ¶ 15 (4th Dist.).

{¶46}  Here, the trial court's amended sentencing entry specified that the court "determined that the Defendant has the present and/or future ability to pay restitution." In that entry, the trial court further noted that it considered the record of the case.  The

record included Brewer's statements that he was 28, suffered from no major physical or mental problems, and was an experienced carpenter and forklift operator. In addition, he posted $500 for one bond and $110 for another bond. Therefore, the record establishes that the trial court sufficiently considered Brewer's present and future ability to pay restitution. The mere fact that the trial court found him indigent and appointed counsel for him did not preclude the same court from finding that he had the ability to pay his burglary victim restitution of $1,000 in the future. *Bulstrom* at ¶ 17. Therefore, we overrule Brewer's third assignment of error.

## IV. CONCLUSION

**{¶47}** Having overruled Brewer's assignments of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**