[Cite as *State v. Dickens*, 2016-Ohio-1212.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
MEIGS COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 15CA7 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND JUDGMENT ENTRY</u> |
| JOSHUA D. DICKENS, | : | |
| Defendant-Appellant. | : | **RELEASED: 3/22/2016** |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Allen Vender, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Colleen Williams, Meigs County Prosecuting Attorney, Pomeroy, Ohio, for appellee.

Harsha, J.

**{¶1}** After Joshua D. Dickens pleaded guilty to attempted child endangering, the trial court conducted a sentencing hearing where, notwithstanding the state's recommendation that Dickens be sentenced to community control, the trial court imposed a 17-month prison term.

**{¶2}** Dickens asserts that because the record does not support the trial court's finding that he was not amenable to community control, his sentence violates R.C. 2953.08(G)(2). That initial conclusion becomes the premise in his ultimate argument that the resulting sentence of imprisonment violated his right to due process under the United States and Ohio Constitutions. Because Dickens conceded at sentencing that he had previously been convicted of a felony offense of assault and that he had served a prison term for that offense, the trial court had discretion to sentence him to prison instead of a community control sanction. Under these circumstances Dickens's

assertion that the court's finding of non-amenability violates the state law is meritless. And because his constitutional argument is based upon the faulty premise of a violation of state law, it also must fail, ipso facto. Therefore, we affirm the judgment of the trial court.

## I. FACTS

{¶3}   The Meigs County Grand Jury returned an indictment charging Dickens with one count of child endangerment in violation of R.C. 2919.22(A) and (E)(2)(c), a felony of the third degree, and one count of theft of drugs in violation of R.C. 2913.02(A)(2), a felony of the fourth degree.

{¶4}   He subsequently pleaded guilty to one count of attempted child endangering in violation of R.C. 2923.02, a felony of the fourth degree. His indictment was based upon Dickens's failure to provide medical care and medication for one of his daughters, who was suffering from cancer and has since died. After receiving a report that Dickens had not been giving his daughter her prescribed pain medication, child protective services tried unsuccessfully to contact him. A few days later the police learned that he was staying at a motel.

{¶5}   The sheriff's office went to the motel and found Dickens, his girlfriend, and his cancer-stricken daughter. Law enforcement searched the motel room and found marijuana paraphernalia, paraphernalia for injecting drugs intravenously, and his daughter's empty prescription bottles. Dickens claimed that someone broke into his house and stole his daughter's medicine, but he did not report it because he did not think that anyone would believe him. Although Dickens did not test positive for any of his daughter's prescription drugs, his girlfriend did. She also admitted to using heroin.

Because of the daughter's severe pain and fever, she was transported by ambulance to a hospital, where she was admitted with dangerously low blood pressure.  Dickens told a deputy sheriff that he had contacted the hospital concerning his daughter's fever, but the hospital advised him not to bring her in.  Dickens's story was discredited when the hospital informed children's services that he had not contacted it about his daughter.

{¶6}    At sentencing Dickens admitted that he had been previously convicted of aggravated assault and that he had served a three-year prison sentence for it.  Although the state and Meigs County Children's Services recommended that Dickens be placed on community control sanctions rather than be given a prison sentence, the trial court rejected the recommendation and instead imposed a 17-month prison sentence.  This appeal followed.

## II. ASSIGNMENT OF ERROR

{¶7}    Dickens assigns the following error for our review:

THE RECORD DOES NOT SUPPORT THE TRIAL COURT'S FINDING THAT JOSHUA D. DICKENS WAS NOT AMENABLE TO COMMUNITY CONTROL, AND HIS SENTENCE IS IN VIOLATION OF R.C. 2953.08(G)(2) AS WELL AS THE FIFTH AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION AND ARTICLE I, SECTION 16 OF THE OHIO CONSTITUTION.

{¶8}    Dickens's assignment of error presents a compound argument that initially concludes the trial court violated state statutes by imposing a prison sentence where only community control was warranted. That conclusion becomes the premise for his ultimate conclusion that his sentence also violated his federal and state constitutional rights to due process. Because Dickens does not contend that proper application of the statute under state law violates either/both constitutions, we begin our analysis with a determination of whether the trial court improperly applied R.C. 2929.13(B). If, and only

if, that error occurred, will the premise for his ultimate conclusion exist. In that case we will conduct the necessary analysis to determine if the error resulted in a constitutional violation.

## III. STANDARD OF REVIEW

{¶9}    When reviewing felony sentences we apply the standard of review set forth in R.C. 2953.08(G)(2).  *See State v. Brewer*, 2014-Ohio-1903, 11 N.E.3d 317, ¶ 33, 4th Dist. ("we join the growing number of appellate districts that have abandoned the [*State v.*] *Kalish*[, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124] plurality's second-step abuse of discretion standard of review; when the General Assembly reenacted R.C. 2953.08(G)(2), it expressly stated that '[t]he appellate court's standard of review is not whether the sentencing court abused its discretion' "); *State v. Leonhart*, 4th Dist. Washington No. 13CA38, 2014-Ohio-5601, ¶ 57.

{¶10}  R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds that, 1) "the record does not support the sentencing court's findings" under the specified statutory provisions or, 2) "the sentence is otherwise contrary to law."

## IV. LAW AND ANALYSIS

{¶11}  In his sole assignment of error Dickens asserts that the record clearly and convincingly fails to support the trial court's finding under R.C. 2929.13(B) that he was not amenable to community control; thus his sentence is in violation of R.C. 2953.08(G)(2), as well as the Fifth and Fourteenth Amendments to the United States Constitution and Article I, Section 16 of the Ohio Constitution.

**{¶12}** Instead of imposing community control sanctions, the trial court sentenced Dickens to a 17-month prison term for his fourth-degree felony conviction of attempted child endangering. R.C. 2929.13(B)(1)(a) provides: "Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction of at least one year's duration if all of the following apply:  (i) The offender previously has not been convicted of or pleaded guilty to a felony offense." And R.C. 2929.13(B)(1)(b)(x) states: "The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:  * * * (x) The offender at the time of the offense was serving, or the offender previously served, a prison term".

**{¶13}** At sentencing Dickens admitted that he had previously been convicted of felony assault and that he had served a three-year prison term for that conviction. Based on his statements the trial court was not required to sentence Dickens to a community control sanction and possessed discretion to impose a prison term for his conviction.

**{¶14}** R.C. 2929.13(B)(1) did not require the imposition of a community control sanction in lieu of a prison term here. The presentence investigation report revealed a lengthy criminal history for Dickens, including convictions for aggravated assault in 2005 and assault and domestic violence in 2013.  (PSI)  Dickens conceded that he had served a prison term for the felony. And the circumstances of the underlying offense were horrific—the failure to provide prescribed medication to his cancer-stricken

daughter and the abuse of that medication by his girlfriend.  Finally, the PSI included a conclusion that Dickens "is not amenable to an available Community Control sanction." (PSI)

**{¶15}**  The trial court's imposition of a 17-month prison sentence instead of a community control sanction was supported by the record and in accordance with the law.  At best, Dickens raises a claim that the trial court abused its discretion in imposing a prison sentence, but that is no longer the applicable standard of review for felony sentences.

**{¶16}**  Dickens's compound argument also contends that the trial court's prison sentence violated his federal and state constitutional rights to due process. But this additional claim is premised upon his faulty initial conclusion that the trial court violated R.C. 2953.08(G)(2) by sentencing him to prison.  Because we have determined that the trial court's imposition of a prison sentence did not violate either R.C. 2929.13(B) or R.C. 2953.08(G)(2), the premise for Dickens's constitutional challenge does not exist.[1] And in its absence, there is no merit in his claim that his right to due process under the United States and Ohio Constitutions was violated.  *See State v. Fouts*, 4th Dist. Washington No. 15CA25, 2016-Ohio-1104, ¶ 56 (no merit to constitutional challenge premised on baseless claim that trial court erred in applying rule of criminal procedure).

**{¶17}**  Although the Revised Code contains other mandatory sentencing requirements, Dickens's assignment of error and argument do not assert any of them were violated. Therefore, we do not address any other components of Ohio's sentencing scheme. We overrule Dickens's sole assignment of error.

---

[1] We again emphasize that Dickens does not contend that the correct application of a statute under state law results in a constitutional violation.

## V. CONCLUSION

{¶18}  The trial court's imposition of a prison sentence was appropriate, supported by the record, and in accordance with the law.  Having overruled Dickens's sole assignment of error, we affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
      William H. Harsha, Judge



### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**