[Cite as *State v. Henderson*, 2019-Ohio-2475.]

IN THE COURT OF APPEALS OF OHIO
SIXTH APPELLATE DISTRICT
OTTAWA COUNTY

State of Ohio                                    Court of Appeals No. OT-18-028

　　　　Appellee                              Trial Court No. 17 CR 153

v.

Caitlin Henderson                         **DECISION AND JUDGMENT**

　　　　Appellant                            Decided:　June 21, 2019

* * * * *

James J. VanEerten, Ottawa County Prosecuting Attorney, and
Barbara Gallé Rivas, Assistant Prosecuting Attorney, for appellee.

Howard C. Whitcomb, III, for appellant.

* * * * *

**PIETRYKOWSKI, J.**

{¶ 1} Defendant-appellant, Caitlin M. Henderson, appeals the July 18, 2018 judgment of the Ottawa County Court of Common Pleas which, following her guilty plea to attempted child endangering, sentenced her to a maximum of 18 months of imprisonment. Because we find that the sentence was supported by the record and was not contrary to law, we affirm.

{¶ 2} The relevant facts of this case are as follows.  On October 17, 2017, appellant was indicted on two counts of endangering children, third-degree felonies.  The indictment included the period from July 1 to July 23, 2017, and involved appellant's infant son who had been diagnosed with a subdural chronic hemorrhage for which a shunt was implanted to relieve the pressure on the brain, an occipital skull fracture, and two rib fractures.  The doctors attributed the head injuries to the child either being shaken or impacted on a surface with force.  It was uncertain whether the infant would have long-term defects from the injury.  The head injury likely occurred one week preceding the child's scheduled well-check visit where it was first addressed.  Further, the fractured ribs were in a state of healing to indicate that they occurred prior to the head injury.

{¶ 3} Allegedly the injuries took place while appellant was at work and the infant was in appellant's boyfriend's care. The two were the child's primary caretakers.

{¶ 4} Appellant was arraigned on October 20, 2017.  She entered not guilty pleas to the charges and was released on bond with the conditions, inter alia, that she submit to drug and alcohol testing, and that she have no contact with the co-defendant.  On November 29, 2017, the state filed a motion to revoke bond based upon allegations that appellant had been in contact with the co-defendant through text messages and/or telephone calls.  On December 8, 2017, appellant admitted the violation.  Bond was continued with appellant being ordered to wear a GPS monitoring unit.

{¶ 5} On March 22, 2018, appellant's probation officer filed a notice that appellant failed to provide a sample for drug and/or alcohol testing.  The magistrate ordered that

2.

bond be revoked and that appellant be incarcerated. At the bond revocation hearing, appellant entered a denial.

{¶ 6} On June 6, 2018, appellant withdrew her not guilty pleas and entered a plea of guilty to an amended Count 1 charge of attempted child endangering, a fourth-degree felony. The state then proffered a statement of the facts supporting the charge. On July 18, 2018, appellant was sentenced on Count 1 to the maximum penalty of 18 months of imprisonment. Count 2 was dismissed. This appeal followed with appellant raising the following assignment of error:

> The trial court committed reversible error when it imposed a maximum sentence upon defendant-appellant as it was contrary to R.C. 2929.13(B) and against the manifest weight of the evidence.

{¶ 7} We note that this court reviews felony sentences under the two-prong approach set forth in R.C. 2953.08(G)(2). R.C. 2953.08(G)(2) provides that an appellate court may increase, reduce, modify, or vacate and remand a disputed sentence if it clearly and convincingly finds either of the following:

> (a) That the record does not support the sentencing court's findings under division (B) or (D) of section 2929.13, division (B)(2)(e) or (C)(4) of section 2929.14, or division (I) of section 2929.20 of the Revised Code, whichever, if any, is relevant;

> (b) That the sentence is otherwise contrary to law.

{¶ 8} In appellant's sole assignment of error she argues that the trial court's imposition of a maximum sentence was contrary to law and not supported by the record.

Specifically, appellant argues that she was sentenced in contravention of R.C. 2929.13(B) which provides in relevant part:

(a) Except as provided in division (B)(1)(b) of this section, if an offender is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense, the court shall sentence the offender to a community control sanction or combination of community control sanctions if all of the following apply:

(i) The offender previously has not been convicted of or pleaded guilty to a felony offense.

(ii) The most serious charge against the offender at the time of sentencing is a felony of the fourth or fifth degree.

(iii) If the court made a request of the department of rehabilitation and correction pursuant to division (B)(1)(c) of this section, the department, within the forty-five-day period specified in that division, provided the court with the names of, contact information for, and program details of one or more community control sanctions that are available for persons sentenced by the court.

(iv) The offender previously has not been convicted of or pleaded guilty to a misdemeanor offense of violence that the offender committed within two years prior to the offense for which sentence is being imposed.

(b) The court has discretion to impose a prison term upon an offender who is convicted of or pleads guilty to a felony of the fourth or fifth degree that is not an offense of violence or that is a qualifying assault offense if any of the following apply:

(i) The offender committed the offense while having a firearm on or about the offender's person or under the offender's control.

(ii) If the offense is a qualifying assault offense, the offender caused serious physical harm to another person while committing the offense, and, if the offense is not a qualifying assault offense, the offender caused physical harm to another person while committing the offense.

(iii) The offender violated a term of the conditions of bond as set by the court. * * *.

{¶ 9} As to R.C. 2929.13(A)(1)(a), appellant argues that because the factors apply to her case and she was not sentenced to a qualifying assault offense, she should have been sentenced to community control. However, under section (b), the court has the discretion to sentence a defendant to prison if any of the 11 factors are present.

{¶ 10} At the July 18, 2018 sentencing hearing, the court indicated that it had considered the principles and purposes of sentencing under R.C. 2929.11. As to the seriousness and recidivism factors under R.C. 2929.12, the court noted that "the more likely recidivism factors do not outweigh the less likely factors." The court further stated that "[t]he more serious factors do outweigh the less serious factors." The court stated that it "considered R.C. 2929.13." The court then noted:

5.

I have considered the reports and I have those here on the bench with me, about an inch and a half thick of photographs and medical reports and police reports, interviews and I have considered the statements made here in court today.

Mr. Leffler, I understand your argument that perhaps your client was wishing things were better and even in reviewing the events that led up to the charges just immediately prior to the head injury, she was making contact with doctors, emergency rooms and doctors in fairly short order, but that doesn't account for the fact that this child had broken ribs for a couple of weeks potentially and, certainly, that should have been noticed and that should have been addressed at that point, perhaps the later head injuries would not be an issue.

So I will note that the Defendant has violated her bond on two separate occasions during the pendency of this case. I note that as well.

{¶ 11} Appellant contends that the court erroneously failed to either state that it considered the factors under R.C. 2929.13, or indicate what factors, if any, applied to appellant's case. As set forth above, the court clearly indicated that it considered the factors under R.C. 2929.13. As to applicable factors, the court noted that appellant had two bond violations. As conceded by the state, appellant was found guilty of only one bond violation. However, the R.C. 2929.13(B)(1)(b)(iii) factor permits the imposition of a prison term following a bond violation, it does not require multiple bond violations.

6.

{¶ 12} Appellant further argues that the events surrounding the offense are too "limited" to support a maximum sentence and that the court specifically found a low risk of recidivism under R.C. 2929.12. The court did, however, also find that the serious factors outweighed the less serious factors. Further, the statement by the court that it had "an inch and a half thick" stack of photographs, medical and police reports, belies the assertion that the events were too "limited" or that the victim's injuries were not serious enough to justify the sentence. The court noted the fact that the child had rib fractures for likely a few weeks before the head injury and that it should have been noticed and addressed.

{¶ 13} Various Ohio courts, including ours, have upheld prison terms for fourth-degree felony child endangering convictions. *See State v. Boudreau*, 6th Dist. Lucas No. L-04-1277, 2005-Ohio-3351 (17-month prison term upheld for attempted child endangering where infant was unintentionally scalded by water when defendant left her to answer the telephone; child was treated and released from the hospital the following day); *State v. Dickens*, 4th Dist. Meigs No. 15CA7, 2016-Ohio-1212 (defendant had previously served a prison term and was sentenced to 17 months for attempted child endangering); and *State v. Mitchell*, 12th Dist. Butler No. CA98-05-099, 1998 Ohio App. LEXIS 5421 (Nov. 16, 1998) (defendant was sentenced to a maximum prison term for fourth-degree felony child endangering where victim was 23-months old and the injuries required a two-week hospitalization.).

{¶ 14} Based on the foregoing, we conclude that the sentence was not contrary to law and was supported by the record. Further, the record evidences that the court

7.

considered the relevant statutory sentencing factors. Appellant's assignment of error is not well-taken.

{¶ 15} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair proceeding and the judgment of the Ottawa County Court of Common Pleas is affirmed. Pursuant to App.R. 24, appellant is ordered to pay the costs of this appeal.

Judgment affirmed.

A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. *See also* 6th Dist.Loc.App.R. 4.

Mark L. Pietrykowski, J.       _____
                                             JUDGE

Arlene Singer, J. _____

Christine E. Mayle, P.J. _____
CONCUR.                                             JUDGE

_____
                                            JUDGE

This decision is subject to further editing by the Supreme Court of Ohio's Reporter of Decisions. Parties interested in viewing the final reported version are advised to visit the Ohio Supreme Court's web site at: http://www.supremecourt.ohio.gov/ROD/docs/.